**UNITED STATES of America, Appellee,**

v.

**Mario Adrian PAULINO, Defendant, Appellant.**

No. 89–1158.

United States Court of Appeals, First Circuit.

Heard June 6, 1989.

Decided Oct. 18, 1989.

John F. Cicilline, Providence, R.I., for defendant, appellant.

Kenneth P. Madden, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief for the U.S.

Before CAMPBELL, Chief Judge, and SELYA, Circuit Judge, and CAFFREY,* Senior District Judge.

CAFFREY, Senior District Judge.

This case is an appeal of a sentence imposed by the district court which included a two-level increase under Section 2D1.-1(b)(1) of the Sentencing Guidelines.

I.

The defendant-appellant was arrested by agents of the Drug Enforcement Administration and the Providence Police Department on June 7, 1988 for drug and firearms offenses. On July 6, 1988, the defendant-appellant was indicted on two counts. Count I charged the defendant with possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count II charged the defendant with possession of a firearm by an illegal alien in violation of 18 U.S.C. §§ 922(g) and 924(a)(1). On November 18, 1988, the defendant pled guilty to both counts, and on January 27, 1989, he was sentenced to 55 months imprisonment, a $12,500 fine, and a five-year term of supervised release on Count I. On Count II, the defendant re-

---

\* Of the District of Massachusetts, sitting by designation.

ceived a 55–month sentence to be served concurrently with Count I.

The defendant was arrested when law enforcement officers executed a warrant at 461 Elmwood Avenue, Providence, Rhode Island. During their search, while the defendant and two other individuals were present, the police siezed $44,690 in cash and a loaded 9 mm. semi-automatic pistol from a bureau drawer in the bedroom. In the same bedroom, police also found personal papers belonging to the defendant, a notebook containing facts and figures which appeared to be a drug dealer ledger, and a rent receipt in the defendant's name for an apartment at 465 Elmwood Avenue. This apartment was in the same building, but with a separate entrance, as the apartment where the defendant was arrested. After obtaining a search warrant for the 465 Elmwood Avenue apartment and a key from the defendant's apartment, the police discovered that the second apartment was unfurnished. In the closet, the police found a cardboard box which contained 97.8 grams of 57% pure heroin.

Following the arrest, the defendant told his probation officer that he had rented the apartment at 465 Elmwood Avenue to store drugs for a person identified only as "Freddie." The defendant said that he had previously agreed to hold sums of money, usually $5,000 or $10,000, for "Freddie" in return for a weekly salary. Further, the defendant admitted that he had purchased the gun to protect the money in the safe at 461 Elmwood Avenue. The defendant, however, insisted that the money in the safe at the time was a loan from a friend. These factual statements were included in the presentence report.

During the proceedings in the district court, the defendant made no objections to the factual statements in the presentence report. The defendant's only objection was

to the two-level increase in sentencing because of firearm possession pursuant to section 2D1.1(b)(1) of the Sentencing Guidelines. The defendant also received a two-level decrease under the Sentencing Guidelines for acceptance of responsibility.

## II.

A court of appeals should affirm the district court sentence unless it is "imposed in violation of law or ... as a result of an incorrect application of the sentencing guidelines. ..." 18 U.S.C. § 3742(f)(1). *See United States v. Buenrostro,* 868 F.2d 135, 136–37 (5th Cir.1989); *United States v. Hewin,* 877 F.2d 3, 4 (5th Cir.1989). Furthermore, a court of appeals "shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e). *See United States v. Wright,* 873 F.2d 437, 443–44 (1st Cir.1989); *United States v. Mejia–Orosco,* 867 F.2d 216, 217–19 (5th Cir.), *clarified on pet. for reh'g,* 868 F.2d 807, *cert. denied,* — U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989).

## III.

The Sentencing Guidelines clearly contemplate the imposition of a two-level increase in defendant's sentence "if a firearm or other dangerous weapon was possessed during the commission of the offense...." Guidelines Manual, U.S. Sentencing Commission § 2D1.1(b)(1) (1987) [hereinafter "Sentencing Guidelines"]. The defendant argues that the mere "presence" of a firearm in the apartment where no drugs were found does not rise to the level of "possession" contemplated by the Sentencing Guidelines.[1]

Several courts of appeals have recently applied this sentence enhancement to a va-

---

1. Two courts of appeals have recently faced questions concerning the constitutionality of applying section 2D1.1(b)(1). *See United States v. McGhee,* 882 F.2d 1095, 1097–99 (6th Cir.1989) (no due process violation where burden placed on defendant to show connection between firearm and offense was "clearly improbable"); *United States v. Restrepo,* 884 F.2d 1294, 1296–

97 (9th Cir.1989) (no due process violation where commentary creates an exception rather than a presumption that connection exists). The defendant, however, has not raised any constitutional or due process objection to the application of the Sentencing Guidelines in this case. Therefore, this Court does not address the question.

riety of factual circumstances. *See United States v. McGhee*, 882 F.2d 1095, 1096 (6th Cir.1989) (rifles and handguns concealed in secret compartment of walls where cocaine seized); *United States v. Hewin*, 877 F.2d at 4 (pistol found on backseat of car where marijuana seized in trunk); *United States v. Restrepo*, 884 F.2d 1294, 1296–97 (9th Cir.1989) (automatic pistol found in mattress of home where drugs were seized); *United States v. Gillock*, 886 F.2d 220, 222–23 (9th Cir.1989) (weapons and drugs seized from same closet); *United States v. Holland*, 884 F.2d 354, 358–59 (8th Cir. 1989) (two pistols found in defendant's residence where amphetamines seized); *United States v. Jones*, 875 F.2d 674, 675–76 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989) (per curiam) (gun found in close proximity to drugs seized); *United States v. White*, 875 F.2d 427, 433 (4th Cir.1989) (loaded pistol under driver's seat of car where drugs were seized from passenger).

The Court of Appeals for the Fifth Circuit has decided two cases specifically describing the factual limits for applying the sentence enhancement of section 2D1.-1(b)(1). *See United States v. Otero*, 868 F.2d 1412 (5th Cir.1989); *United States v. Vasquez*, 874 F.2d 250 (5th Cir.1989). In *Otero*, the court applied the sentence enhancement where agents seized cocaine in the defendant's hotel room and then found a handgun in the defendant's van parked outside the hotel. 868 F.2d at 1414–15. The court found that the drugs were transported in the van with the firearm in the defendant's possession. *Id.* at 1415. Thus, the court concluded that the defendant "constructively possessed" the weapon during the offense. *Id.*

In *Vasquez*, however, the court refused to apply the sentence enhancement when the defendant was arrested for buying cocaine from a government agent several miles from defendant's residence where the handgun was found. 874 F.2d at 251. The court found that the drugs seized were furnished by the government and never reached the defendant's apartment. There-

fore, the court concluded that "there is no showing that the gun and drugs were ever less than several miles apart." *Id.*

The key to the decision of this case is found in the commentary to Section 2D1.1 of the Sentencing Guidelines which provides in pertinent part:

> The enhancement for weapons possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, *unless it is clearly improbable that the weapon was connected with the offense.* For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in his closet....

Sentencing Guidelines § 2D1.1, Commentary n. 3 (emphasis added).

Thus, the issue reduces itself to whether or not it was "clearly improbable" that the weapon was connected to the drug offense. The district court observed in sentencing the defendant:

> The court has no difficulty in concluding that the weapon was connected with the offense. I think it was a perfectly logical conclusion for the probation officer to draw that the reason Mr. Paulino had this weapon in his possession was to further the crime of possessing with intent to deliver heroin, to protect the proceeds of the sale and the heroin also.... [T]he offense was committed at the premises from which the gun was taken. If you consider that apartment [461 Elmwood Avenue] and the other apartment [465 Elmwood Avenue] to be part and parcel of the same premises, certainly it was present when the offense was committed; and even if you don't ... the money found in the safe quite clearly must have come from the sale of heroin and in that sense was clearly connected with the offense.

Given the facts of the instant case, it is not "clearly improbable" that the loaded 9 mm. semi-automatic pistol was connected to the drug offense. Accordingly, the district court was not clearly erroneous in applying

the sentence enhancement of section 2D1.-1(b)(1), and the judgment is affirmed.