918 F.2d 956
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Jerome SINGLETON, a/k/a Ronald Keith Stuart, a/k/a
Wallace Owens, Defendant-Appellant.
 No. 90-5810.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 24, 1990.
Decided Nov. 21, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Hiram H. Ward, Senior District Judge. (CR-90-15-G)
 Carl Jerome Singleton, appellant pro se.
 John Warren Stone, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carl Jerome Singleton appeals the sentence imposed after his guilty plea to possession of cocaine base with intent to distribute (21 U.S.C. Sec. 841(a)), contending that the district court improperly found that he had possessed a gun during the offense and that he was a career offender. We affirm.
 
 
 2
 After police in Greensboro, North Carolina, received a tip from a confidential informant about drugs being sold from a certain apartment, Singleton's apartment was placed under surveillance. Late in the evening, Singleton went out and was arrested several blocks away in his car with cocaine base in his possession. His apartment was then searched and found to contain a small amount of cocaine base, a gun, almost $3000 in cash, scales, and other drug paraphernalia. On Singleton's key ring was a key to a safe in the bedroom which held more cash and plastic bags.
 
 
 3
 At sentencing, Singleton's base offense level was increased by two as required by U.S.S.G. Sec. 2D1.1(b)(1) when a firearm is possessed during a drug offense. Singleton argued that the gun was not present during his offense, and that the government had not shown that he knew of the gun's existence. The district court found that Singleton was working out of his apartment in conducting drug transactions and that the gun was in his constructive possession during the offense. We agree. The offense did not occur only at the moment of Singleton's arrest and the presence of the gun in the apartment was certainly related to the presence of drugs, cash, and drug paraphernalia. See United States v. Paulino, 887 F.2d 358 (5th Cir.1989); United States v. Gillock, 886 F.2d 220 (9th Cir.1989).
 
 
 4
 Singleton also challenged the finding that he was a career offender under Sec. 4B1.1, which increased his criminal category to VI. Although attempted robbery is specifically defined as a crime of violence in Sec. 4B1.2, Singleton argued that his 1981 conviction for attempted robbery was not a crime of violence because nothing had been stolen and no force was used. After hearing his testimony about the incident, the district court found that his testimony was not credible and that his record showed the 1981 conviction to have been a crime of violence within the meaning of Sec. 4B1.2. This determination is not clearly erroneous.
 
 
 5
 Accordingly, we affirm the judgment and sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.