**UNITED STATES of America, Appellee,**

v.

**Michael CAMUTI, Defendant, Appellant.**

**No. 91–1540.**

United States Court of Appeals, First Circuit.

Submitted Oct. 8, 1991.

Decided Dec. 4, 1991.

73

Mark F. Sullivan, Exeter, N.H., on brief, for appellant.

Peter E. Papps, First Asst. U.S. Atty., and Jeffrey R. Howard, U.S. Atty., Concord, N.H., on brief for the U.S.

Before CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and BROWN,* Senior Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Defendant, Michael E. Camuti, appeals the sentence imposed pursuant to his conviction in the United States District Court for the District of New Hampshire. Camuti was convicted of knowingly inducing an individual to travel in interstate commerce to engage in prostitution in violation of 18 U.S.C. § 2422.[1] The sole issue on appeal is whether, under the United States Sentencing Guidelines ("U.S.S.G."), the district court erred in applying to defendant's base offense level a three-level increase for the transportation of more than one person in interstate commerce with intent to engage in prostitution.

---

* Of the Fifth Circuit, sitting by designation.

1. Section 2422 provides:
   Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title or imprisoned not more than five years, or both. 18 U.S.C. § 2422. Both Sections 2421 and 2422 are part of the Mann Act.

## BACKGROUND

The events leading to Camuti's arrest arose out of an FBI investigation of Camuti's activities. An undercover officer—who had been posing as Camuti's employee—asked Camuti to provide prostitutes for some male customers in New Hampshire. Camuti arranged to provide six women for this "business venture" and to bring a seventh along "for show." On August 30, 1990, Camuti drove to Lowell, Massachusetts, where he met Rebecca J. Levin and transported her to New Hampshire. Two other women, Rosalind J. Goldsmith and Lois A. LaFrance, travelled from Revere, Massachusetts to New Hampshire in Goldsmith's automobile pursuant to Camuti's instructions. The undercover officer met Camuti at a restaurant in New Hampshire and paid him $3,600. All proceeded to a hotel—where four other undercover officers were waiting—to meet the women. Shortly thereafter, Camuti and the women were arrested.

On September 26, 1990, Camuti was indicted by a federal grand jury on three counts: transporting Rebecca Levin in interstate commerce with intent to engage in prostitution, in violation of 18 U.S.C. § 2421 (Count I), and persuading and inducing Rosalind Goldsmith (Count II) and Lois LaFrance (Count III) to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422. While initially pleading not guilty to all counts, Camuti ultimately entered into a written plea agreement in which he agreed to plead guilty to Count II. Counts I and III were dismissed and Camuti agreed to assist in the investigation of criminal matters about which he had knowledge.

Camuti was sentenced to 18 months incarceration and two years of supervised release. The court found that U.S.S.G. § 2G1.1 applied to Camuti's offense of conviction, yielding a base offense level of fourteen. As recommended in the Pre–Sentence Report, the court increased the base offense level by three levels pursuant to the special instruction in U.S.S.G. § 2G1.1(c), requiring an increase in the offense level if more than one person was transported. Camuti was awarded a two level reduction for acceptance of responsibility, yielding a total offense level of fifteen. The court sentenced Camuti at the lower end of the guideline range based on a criminal history category I. Camuti appealed, challenging the district court's application of the sentencing guidelines and seeking resentencing.

## DISCUSSION

■ The district court's application of the sentencing guidelines is reviewed only for clear error. *United States v. Sklar*, 920 F.2d 107, 110–11 (1st Cir.1990); *United States v. Preakos*, 907 F.2d 7, 8 (1st Cir. 1990); *United States v. Gerante*, 891 F.2d 364, 368 (1st Cir.1989); *see* 18 U.S.C. § 3742(e) (a court of appeals "shall give due deference to the district court's application of the guidelines to the facts."). Camuti argues that the district court erred in increasing his § 2G1.1 base offense level pursuant to the special instruction in U.S.S.G. § 2G1.1(c), to account for the transportation of more than one person. According to Camuti such an increase is not merited because he was not convicted of transporting any persons, but only of inducing one person (Goldsmith) to travel in interstate commerce to engage in prostitution. Alternatively, Camuti argues that even if it was proper to increase his base offense level for the transportation of more than one person, the district court erred in applying a three level instead of a two level increase. We hold that the district court did not err in increasing Camuti's base offense level for the transportation of more than one person. But we find that the circumstances justify only a two-level increase. We, therefore, vacate the sentence and remand for resentencing.

■ The applicable guideline for a violation of 18 U.S.C. § 2422 is U.S.S.G. § 2G1.1. The base offense level for this offense is fourteen. Section 2G1.1(c) provides the following special instruction:

If the offense involved the transportation of more than one person, Chapter Three, Part D (Multiple Counts) shall be applied as if the transportation of each person

had been contained in a separate count of conviction.

United States Sentencing Commission, *Guidelines Manual*, § 2G1.1(c) (Nov. 1990). Camuti contends that because the offense for which he was convicted does not involve the transportation of anyone, the special instruction in U.S.S.G. § 2G1.1(c) on its terms is inapplicable to him. We disagree. Note 5 in the Commentary to U.S.S.G. § 2G1.1 elaborates that "if the *relevant conduct* of an offense of conviction includes more than one person being transported, *whether specifically cited in the count of conviction or not,* each such person shall be treated as if contained in a separate count of conviction." *Id.,* comment. (n. 5) (emphasis added). To understand the application of U.S.S.G. § 2G1.1(c) we must first determine what conduct was relevant to the offense of conviction and then ascertain the number of people being transported during the relevant conduct.

### A. *Relevant Conduct*

Pursuant to U.S.S.G. § 1B1.3(a)(1), relevant conduct to be used in determining the final guideline range includes "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, ... or that otherwise

were in furtherance of that offense...." U.S.S.G. § 1B1.3(a)(1).[2] A defendant is "otherwise accountable" for conduct that he "counseled, commanded, induced, procured, or willfully caused." *Id.,* comment. (n. 1). Even where there is no conspiracy charged, a defendant is also "otherwise accountable" for reasonably foreseeable conduct of others in furtherance of a joint criminal activity. *Id.; see also United States v. Bianco,* 922 F.2d 910, 912 (1st Cir.1991).

In this case, even though Camuti was only convicted on one count of *inducing* Rosalind Goldsmith to travel in interstate commerce for the purpose of engaging in prostitution, he also—in the same period and as a part of the same scheme—transported Rebecca Levin in interstate commerce for the purpose of engaging in prostitution and he induced Rosalind Goldsmith to transport Lois LaFrance in interstate commerce to engage in prostitution. Because these two acts of transportation (i.e. of Levin and LaFrance) are acts for which Camuti is otherwise accountable, they constitute relevant conduct under U.S.S.G. § 1B1.3(a)(1). The special instruction in U.S.S.G. § 2G1.1(c), therefore, is applicable because this relevant conduct involved transportation of more than one person.[3]

▇▇▇▇ The special instruction requires that transportation of each person must be treated as if contained in a separate count

---

**2.** The definition of relevant conduct provided in U.S.S.G. § 1B1.3(a)(2) is not applicable here because it is used solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts. The Commentary to U.S.S.G. § 2G1.1(c), however, states that "each person transported is to be treated as a separate victim. Consequently, multiple counts involving the transportation of different persons are not to be grouped together under § 3D1.2 (Groups of Closely–Related Counts)." U.S.S.G. § 2G1.1(c), comment. (n. 5). Thus, the appropriate definition for relevant conduct in this case is that contained in U.S.S.G. § 1B1.3(a)(1).

**3.** Camuti argues that, in sentencing defendants, a court cannot consider conduct involved in counts dismissed pursuant to a plea agreement. According to Camuti, such a practice would destroy the bases for plea agreements. This Court, however, has repeatedly held that activities involved in dismissed counts can be included in calculating sentences as long as the activi-

ties constitute relevant conduct within the meaning of U.S.S.G. § 1B1.3. *See United States v. Estrada–Molina,* 931 F.2d 964, 965 (1st Cir. 1991) ("[i]t is of no consequence that the disputed quantity of drugs in this case was encompassed by a count dismissed by the government as part of a plea agreement."); *United States v. Mak,* 926 F.2d 112, 113 (1st Cir.1991); (where conduct is part of an overall scheme, it will not "help the defendant to plead guilty to one count ... if the Government drops the other four. Whether the conduct is charged in one count, five counts, or five hundred counts, the sentence (assuming appropriate *statutory* limits) will normally be the same."); *United States v. Mocciola,* 891 F.2d 13, 16 (1st Cir.1989) (Sentencing Guidelines permit sentencing court to consider possession of firearm during uncharged conduct); *United States v. Blanco,* 888 F.2d 907, 909 (1st Cir.1989); (sentencing court can consider the amount of drugs involved in a dismissed count in determining offense level as long as drugs were part of relevant conduct).

of conviction for purposes of applying Chapter Three, Part D (Multiple Counts) of the Sentencing Guidelines. U.S.S.G. § 2G1.1, comment. (n. 5). Moreover, because each person transported is to be treated as a separate victim, they are not to be grouped together under U.S.S.G. § 3D1.2. *Id.* Applying U.S.S.G. § 3D1.4, therefore, the base offense level in U.S.S.G. § 2G1.1 should be increased by two levels if the conduct relevant to Camuti's offense of conviction involved the transportation of two individuals and it should be increased by three levels if that relevant conduct involved the transportation of three individuals.[4]

B. *The Number of Persons Transported*

■ The Presentence Report concluded, and the district court agreed, that the relevant conduct involved the transportation of three women and therefore applied a three level increase. We think that the relevant conduct only involved the transportation of two women in interstate commerce for the purpose of engaging in prostitution and that only a two level increase should have been applied.

Before concluding that a three level increase was appropriate, the author of the Presentence Report sought clarification from the U.S. Sentencing Commission Hotline (the "hotline") on how the special instruction in U.S.S.G. § 2G1.1(c) should be applied to the facts of this case. The hotline advised that transporting an individual, and causing an individual to travel, in interstate commerce with the intent to engage in prostitution, should be viewed as one and the same. Accordingly, the Presentence Report recommended a three level increase based on the three women either transport-

ed or induced. In *United States v. Sabatino*, however, this court—in describing the conduct proscribed in the Mann Act—accepted the distinction drawn by the District of Columbia Circuit between transporting an individual under 18 U.S.C. § 2421 and inducing or persuading them to travel under 18 U.S.C. § 2422. *Sabatino*, 943 F.2d 94, 99 n. 2 (1st Cir.1991) (citing *United States v. Jones*, 909 F.2d 533 (D.C.Cir. 1990)). In *Jones* the court, while accepting the premise that "one need not physically carry or accompany a person interstate in order to 'transport' her," concluded that "[i]f § 2421 [of the Mann Act] is interpreted so broadly as to encompass inducement, then § 2422 would be redundant." *Jones*, 909 F.2d at 540. The court confined § 2421 "to cases in which the defendant can truly be said, personally or through an agent, to have performed the proscribed act of transporting...." *Id.* The court went on to state that "§ 2422 covers those cases in which the defendant provides the motivation, ranging from persuasion to coercion, but the person then 'travels' under her own steam, without need of anyone to 'transport' her." *Id.*

Applying the analysis in *Jones* and accepted in *Sabatino* to this case we conclude that the transportation of only two individuals can be attributed to Camuti for purposes of applying the special instruction in U.S.S.G. § 2G1.1(c). First, Camuti actually transported Rebecca Levin in interstate commerce for the purpose of engaging in prostitution, in violation of 18 U.S.C. § 2421. While he was not convicted of this act, the act constituted relevant conduct of his offense of conviction, as we have already explained.

---

**4.** Camuti asserts that relevant conduct, for which he was not convicted, can only be taken into account for sentencing him within a guideline range, but cannot be used to determine the applicable guideline range. This is not the case. The Background Statement for U.S.S.G. § 1B1.3—which defines "relevant conduct"—specifically states that:

[t]his section prescribes rules for determining the applicable guideline sentencing range, whereas § 1B1.4 (information to be used in imposing sentence) governs the range of in-

formation that the court may consider in adjudging sentence once the guideline sentencing range has been determined. Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range.

U.S.S.G. § 1B1.3 comment. (backg'd.). It is appropriate, therefore, to consider relevant conduct of which Camuti was not convicted, in determining the guideline range to be used in sentencing him.

Second, Camuti induced Rosalind Goldsmith to travel in interstate commerce for the purpose of engaging in prostitution. This was a violation of 18 U.S.C. § 2422 for which he was convicted. Goldsmith, however, cannot be counted among the individuals being transported. Camuti provided the "motivation" for her travel, but, using her own car, she "travelled under her own steam without need of anyone to transport her." *Jones*, 909 F.2d at 540. Thus, Goldsmith was not transported within the meaning of 18 U.S.C. § 2421. Goldsmith, however, transported Lois LaFrance in interstate commerce for the purpose of engaging in prostitution. Camuti was "otherwise accountable" for LaFrance's transportation because he induced both Goldsmith and LaFrance to travel in interstate commerce to engage in prostitution and it was "reasonably foreseeable" that this would result in the transportation of LaFrance by Goldsmith in furtherance of the "jointly-undertaken criminal activity." U.S.S.G. § 1B1.3, comment. (n. 1); *see also Bianco*, 922 F.2d at 912. Because the transportation of LaFrance by Goldsmith is conduct for which Camuti is otherwise accountable, it is relevant conduct under U.S.S.G. § 1B1.3(a)(1).

The relevant conduct of Camuti's offense of conviction, therefore, includes the transportation of two individuals—Rebecca Levin and Lois LaFrance. It did not include Camuti's inducement of Rosalind Goldsmith, since this conduct, technically was not "transportation." Under U.S.S.G. § 2G1.1(c), each person transported must be treated as if contained in a separate count of conviction for purposes of applying Chapter Three, Part D (Multiple Counts) of the Sentencing Guidelines. Under U.S.S.G. § 3D1.4, Camuti's base offense level should have been increased by two levels. Because the district court applied a three level increase, we vacate the sentence and remand for resentencing.

*Sentence vacated and remanded for further sentencing not inconsistent herewith.*