USCA1 Opinion

 

 June 26, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 91-2290 UNITED STATES, Appellee, v. DEBORAH D. CORCIMIGLIA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Fuste,* District Judge. ______________ ____________________ Claudia C. Sharon, by Appointment of the Court, with whom Sharon _________________ ______ & Oreskovich was on brief for appellant. ____________ Margaret D. McGaughey, Assistant United States Attorney, with ______________________ whom Richard S. Cohen, United States Attorney, and Nicholas M. Gess, ________________ _________________ Assistant United States Attorney, were on brief for appellee. ____________________ ____________________ _____________________ *Of the District of Puerto Rico, sitting by designation. FUSTE, District Judge. The appellant Deborah ______________ Corcimiglia pled guilty to Count 1 of a superseding indictment charging conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1) and 846 and was sentenced to a twelve-month term of imprisonment and a three-year term of supervised release. On appeal, appellant challenges the district court's two-level enhancement under U.S.S.G. 2D1.1(b)(1) for the possession of a dangerous weapon.1 We find that the district court's determination was not clearly erroneous and affirm the sentence enhancement. affirm I. I. Background Background __________ The facts relating to the issue on appeal are drawn from the presentence investigation report (PSI), the transcript of the sentencing proceedings, and the district court's Memorandum of Sentencing Judgment. Appellant and her husband, codefendant Carmen Corcimiglia, resided in Cumberland, Maine. Ms. Corcimiglia's participation in the drug conspiracy consisted of assisting her husband in his home-based drug trafficking business by answering the phone and taking messages. In addition, she was present in the house during various drug sales transacted by her husband. ____________________ 1U.S.S.G. 2D1.1(b)(1) provides, in reference to offenses involving drugs, as follows: (b) Specific Offense Characteristics (1) If a dangerous weapon (including a firearm) was possessed, increase by 2 levels. 2 -2- 2 On September 13, 1990, law enforcement agents conducted a search of the Corcimiglia residence and, in one of the bedrooms, found 37.4 grams of cocaine and two firearms, a Colt .45 automatic pistol and a Colt .38 Detective Special revolver. While the cocaine was found in a dresser drawer, the weapons were discovered in a closet, one contained in a zippered bag and the other inside a case. At the sentencing hearing, appellant Deborah Corcimiglia gave testimony revealing additional facts about the presence of weapons in the Corcimiglia home. Both guns were purchased by appellant's husband, who possessed a "concealed firearms" permit. One of the weapons had been purchased by appellant's husband prior to their marriage, while the second firearm had been purchased during the marriage. While appellant testified that she had never handled either of the weapons -- nor had she ever been trained in the use of firearms -- she admitted knowing where the weapons were located. She also noted that the reason given by her husband for their purchase was "for the home's protection." The district court found that the appellant resided in the residence and had access to the room where the firearms were found. The district judge also concluded that both appellant and her husband had possession of the guns. Moreover, the sentencing court found that Ms. Corcimiglia had knowledge of the presence of the firearms during the drug deals that constituted the offense conduct and that the weapons were reasonably available during the offense. The court, therefore, concluded that it was not "clearly improbable that the possession -3- 3 of the firearms was related to the offense conduct." Memorandum of Sentencing Judgment at 2. Based on these findings, the district court imposed the two-level enhancement under U.S.S.G. 2D1.1(b)(1). II. II. Discussion Discussion __________ In reviewing a district court's sentence, this court will accord due deference to the court's application of the sentencing guidelines to the facts. United States v. Bianco, 922 _______________________ F.2d 910, 911 (1st Cir. 1991); United States v. Paulino, 887 F.2d ________________________ 358, 359 (1st Cir. 1989). Factbound matters related to sentencing need only be supported by a preponderance of the evidence and will be set aside only for clear error. United ______ States v. Camuti, 950 F.2d 72, 74 (1st Cir. 1991); United States ________________ _____________ v. David, 940 F.2d 722, 739 (1st Cir.) cert. denied, ___ U.S. ________ ____________ ___, 112 S.Ct. 605 (1991); United States v. Sklar, 920 F.2d 107, _______________________ 110-11 (1st Cir. 1990). Given the facts outlined above, we find that the district court did not commit clear error. The commentary to U.S.S.G. 2D1.1(b)(1) directs the sentencing court to impose the enhancement "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Our circuit is guided by this "clearly improbable" standard. United States v. Preakos, 907 __________________________ F.2d 7, 8 (1st Cir. 1990); United States v. Ruiz, 905 F.2d 499, ______________________ 507 (1st Cir. 1990); United States v. Mocciola, 891 F.2d 13, 17 __________________________ (1st Cir. 1989). Here, the record reveals that appellant's husband had bought the weapons for the protection of the home, a -4- 4 home that was subsequently used to facilitate the distribution of drugs. Appellant had knowledge of where the weapons were located and had access to them, which rendered them "reasonably available" to her in the course of the criminal conduct. Appellant seeks relief from this court by arguing that since the weapons were possessed by her husband and not by her, the lower court erred by failing to make a determination, pursuant to U.S.S.G. 1B1.3(a),2 as to whether her husband's possession of the weapons was "reasonably foreseeable." We think that the district court permissibly found that both appellant and her husband possessed the weapons. Memorandum of Sentencing Judgment at 2. While appellant argues that the weapons were possessed solely by her husband, the record is clear that she lived with her husband, the house was used for narcotics trafficking, and the firearms and the drugs were both in the same room. Appellant admitted that she knew of both the weapons' presence in the home and their exact location. She also admitted that the weapons were purchased for the home's protection. Therefore, we do not think it was clear error for the district court to find that appellant possessed the weapons and was thus subject to the U.S.S.G. 2D1.1(b)(1) enhancement. ____________________ 2U.S.S.G. 1B1.3(a)(1) provides that the base offense level and the specific offense characteristics shall be determined on the basis, inter alia, of "all acts and omissions committed or aided _____ ____ or abetted by the defendant, or for which the defendant would be ________ otherwise accountable." (Emphasis added). Application note 1 _____________________ to 1B1.3(a) provides that conduct for which "defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." -5- 5 In earlier cases ruling on the propriety of U.S.S.G. 2D1.1(b)(1) enhancements, this court has recognized that the mere presence of a firearm in the same residence which is used as a site for drug transactions may allow a sentencing court to make the inference that the weapon was present for the protection of the drug operation. Preakos, 907 F.2d at 9 (and cases cited _______ therein). In Paulino, 887 F.2d at 359, we affirmed the district _______ court's enhancement when the weapon was discovered in one apartment while the heroin was found stored in an adjoining apartment in the same building. In a more recent case, the firearm enhancement was upheld where the cocaine and drug proceeds were stored in defendants' residence while the weapon was found in a store, also owned by the defendants, which was located across the street from the residence and which was used as the site for the drug transactions. United States v. Almonte, ________________________ 952 F.2d 20, 21-22 (1st Cir. 1991), cert. denied, ___ U.S. ___, ____________ 60 U.S.L.W. 3735 (1992). Also, this court has found no clear error where the defendant was arrested while standing at an airport locker while the weapon which formed the basis for the enhancement remained in his automobile in the airport parking lot. United States v. McDowell, 918 F.2d 1004, 1011 (1st Cir. __________________________ 1990) (and cases cited therein). The fact that there may have been an alternative, legal basis for the weapon's possession, in and of itself, does not prevent the sentencing court from granting the enhancement. Almonte, 952 F.2d at 25 (claim that gun's presence was to fend _______ off potential robbers "is of little if any relevance"); Ruiz, 905 ____ -6- 6 F.2d at 508 (not "clearly improbable" that the weapon was connected with the drug offenses simply because defendant, by virtue of his employment, was required to carry a firearm). Here, it was not clearly erroneous for the district judge to conclude that appellant offered insufficient evidence concerning the "clear improbability" that the guns could have been used during the offense. Taken together, the cited cases stand for the proposition that when the weapon's location makes it readily available to protect either the participants themselves during the commission of the illegal activity or the drugs and cash involved in the drug business, there will be sufficient evidence to connect the weapons to the offense conduct. This, in turn, allows the district court to impose the two-level enhancement under U.S.S.G. 2D1.1(b)(1). The burden then falls on defendant to come forward with evidence demonstrating the existence of special circumstances that would render it "clearly improbable" that the weapon's presence has a connection to the narcotics trafficking. Such evidence is lacking on this record. Even if we were to accept appellant's argument that only her husband possessed the firearms (which we do not), her argument that it was not "reasonably foreseeable" for her to connect the firearms to the sale of drugs fails. Under U.S.S.G. 1B1.3, a sentence may be enhanced "in response to joint criminal activity reasonably foreseeable by the defendant. __________________ U.S.S.G. 1B1.3, comment (n.1)." Bianco, 922 F.2d at 912-13 ______ (emphasis in text). Here, appellant knew that the weapons were ____ -7- 7 possessed by her husband; knew that drug transactions were ____ transpiring on the same premises and the drugs themselves were stored in the same room where the weapons were located; and knew ____ that the weapons were purchased for protection of the same premises which was the situs of the drug trafficking. See _____ ___ Almonte, 952 F.2d at 25 (defendant knew weapon's location in the _______ store). We are not persuaded that appellant or her husband "would not have used the gun during the drug transaction had [either] thought it necessary." See Almonte, 952 F.2d at 25. In ___ _______ any case, there was ample evidence for the sentencing court to make a finding that it was reasonably foreseeable for appellant to connect her husband's possession of the weapons to the drug activity, thus triggering the sentencing enhancement. Accordingly, the judgment of the district court is affirmed. affirmed ________ -8- 8