USCA1 Opinion

 

 September 23, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1277 LEOPOLD DEMARCO, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ___________________ Leopold Demarco on brief pro se. _______________ Edwin J. Gale, United States Attorney, Margaret E. Curran ______________ ___________________ and Lawrence D. Gaynor, Assistant United States Attorneys, on ___________________ brief for appellee. __________________ __________________ Per Curiam. Petitioner challenges the denial of a __________ motion under 28 U.S.C. 2255 to vacate, set aside or correct his sentence.1 He alleges that the district court erroneously enhanced his sentence two levels for possession of a firearm during the offense. He also alleges ineffective assistance of counsel in the failure to object on this ground and to take a direct appeal from the sentence imposed. We affirm the district court's disposition. Petitioner pleaded guilty to a cluster of charges stemming from his involvement in a large scale marijuana distribution operation.2 In return for his plea, the government agreed to recommend dismissal of two of the charges,3 and imposition of a sentence at the low end of the ____________________ 1. Due to a tangled procedural history, summarized in the district court's decision of February 3, 1993, this appeal is taken from an order denying petitioner's motion for relief from judgment. That motion, in turn, sought reconsideration of the court's May 12, 1992 order denying petitioner's motion under 28 U.S.C. 2255. 2. The indictment charged a conspiracy among defendant and six others to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. 846. In addition to that charge, defendant pleaded guilty to the following charges in the indictment: possession with intent to distribute the same quantity, 21 U.S.C. 841(a)(1), 841(b)(1)(4); using a communications facility for the commission of a narcotics offense, 21 U.S.C. 843(b); maintaining a place for the purpose of distributing marijuana, 21 U.S.C. 856. 3. The charges dismissed by agreement were: possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. 924(c), and operating a continuing criminal enterprise, 21 U.S.C. 848. -2- guideline offense level chosen by the court. The plea agreement recited the parties' understanding that defendant's Criminal History Category was I, and that the applicable guideline offense level would be either 34, 35 or 36, depending on the district court's ruling. The presentence report calculated the applicable offense level at 36 as follows: (1) the base offense level was 32; (2) a two level increase was assessed pursuant to U.S.S.G. 2D1.1(b)(1) for possessing a firearm during the offense; (3) a four level increase was assessed under U.S.S.G. 3B1.1 for being an organizer or leader of a criminal activity that involved five or more participants; and (4) petitioner was awarded a two-level decrease in offense level for acceptance of responsibility pursuant to 3E1.1. Petitioner objected only to the four level enhancement for being an organizer or leader. He successfully renewed this contention as his sole objection at the sentencing hearing. He testified at length about his role in the conspiracy, the government presented a rebuttal witness on point, and there were vigorous arguments by both sides. The district court agreed that petitioner's involvement qualified only for a two level enhancement under 3B1.1(c), not a four level enhancement. At petitioner's urging, the court ruled that the proper guideline offense -3- level was 34.4 Accepting the plea agreement, the court sentenced petitioner to 151 months, the low end of the lowest guideline offense level conceded to be applicable by the parties. Petitioner did not take a timely appeal from the sentence. Instead, he filed a 2255 motion one year later challenging the sentence on the ground that the court erred in imposing the two level increase for possession of a firearm. He argued that there was an insufficient nexus between the loaded firearm found in his home and the narcotics offenses to which he pleaded guilty. In reply to the government's contention that this claim of error had been ____________________ 4. The following exchange between petitioner's counsel and the court occurred in petitioner's presence at the hearing: Counsel: [A]ll we are asking you to do is ___________________________________ sentence this defendant at the low end of level 34. ___________________________________________________ He has no quarrel with that at all. He agrees he ___________________________________________________ should be sentenced at 34. __________________________ The Court: You want me to sentence him to 151 months? That's what it is 151 to 188 months. Counsel: That's what I want, your Honor, yes. Sentencing Hearing of March 1, 1991, Tr. at 79, ll. 10-17 (emphasis added). Petitioner had an opportunity to directly address the court after this exchange, as well as after the court indicated its likely ruling. Petitioner indicated no objection. Tr. at 86-23 to 90-14. -4- forfeited by a double procedural default, petitioner claimed ineffective assistance by his counsel.5 We agree with the district court's conclusions. On appeal, the fact-finder's determination that petitioner received effective assistance of counsel at sentencing, "may be overturned only for clear error." Isabel v. United ______ ______ States, 980 F.2d 60, 64 (1st Cir. 1992). "[P]etitioner bears ______ a very heavy burden on an ineffective assistance claim." Lema v. United States, 987 F.2d 48 (1st Cir. 1993). "The ____ _____________ court must not only find that defense counsel's performance was deficient, but that it was so prejudicial as to undermine confidence in the outcome." Strickland v. Washington, 466 __________ __________ U.S. 668, 689 (1984). And petitioner must "overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citation omitted). __________ Applying these standards, petitioner's argument falls far short of the "clear error" threshold. Petitioner offered no cogent argument or evidence to overcome the very ____________________ 5. These were the only issues presented below and in petitioner's main brief. In his reply brief, however, petitioner seems to also argue error in the point level increase assigned by the district court under 3B1.1(c), the very matter upon which petitioner prevailed at the sentencing hearing. Reply Br. at 6, 7. Aside from the reply brief's apparent misstatement of the record (the ultimate increase was two levels, not four as claimed in the brief), we do not consider alleged errors assigned for the first time on appeal. -5- strong presumption that counsel's failure to object on this ground was a deliberate strategic decision. The loaded gun had been found in petitioner's home along with a large amount of cash ($266,230.00), drug paraphernalia, and a suitcase with marijuana residue. There was substantial testimony at the hearing, including petitioner's own testimony, that petitioner's home had served as a routine base of operations for the conspiracy. Even after the base of operations was moved elsewhere, the presentence report and testimony showed that petitioner's home continued to be used for drug distribution activities, and the cash represented profits from the illegal scheme.6 In similar cases we have held that the base offense level should be increased by two levels under U.S.S.G. 2D1.1(b)(1) unless it is "clearly improbable that the weapon and the offense were connected." United States v. _______________ Corcimiglia, 967 F.2d 724, 726 (1st Cir. 1992); United States ___________ _____________ ____________________ 6. In his reply brief petitioner now asserts there was no evidence to connect his home, and the money found, to the illegal drug activities. These assertions are flatly contradicted by his own testimony at the hearing as well as that of the government's witness. Sentencing Hearing of March 1, 1991 at 12-20 to 13-9; 13-19 to 14-6; 21, ll. 9-12; 45 to 46; 52; 55; 59; 68-69; see also, Presentence Report at ________ 10. We also reject as meritless petitioner's reply brief argument that dismissal of the charge against him for possession of a weapon in violation of 18 U.S.C. 924(c) was inconsistent with enhancement of his sentence under U.S.S.G. 2D1.1(b)(1). It is well settled that conduct not formally charged may enter into the decision on sentencing guideline range. See generally United States v. Jackson, 1993 U.S. App. _____________ _____________ _______ LEXIS 22019, at *8 (1st Cir. Aug. 1, 1993) (citing cases). -6- v. McDowell, 918 F.2d 1004, 1011 (1st Cir. 1990) (citing ________ cases). Given the admission that illegal drug activities occurred in the very place where the gun was found, counsel could not have reasonably expected to succeed on an argument that it was "improbable" that the gun was connected to the illegal activity. The failure to object on that basis, especially in light of the court's express inclination to sentence petitioner in accordance with the plea agreement, was undoubtedly deliberate, and, as the court held, not prejudicial to petitioner. As to counsel's failure to take a direct appeal from the sentence, we have held that where a criminal defendant loses his right to a direct appeal through dereliction of his counsel, he is entitled to a new appeal without first showing a meritorious appellate issue. Bonneau _______ v. United States, 961 F.2d 17 (1st Cir. 1992); United States _____________ _____________ v. Tajeddini, 945 F.2d 458, 466-67 (1st Cir. 1991), cert. _________ _____ denied, 112 S. Ct. 3009 (1992). However, a defendant who ______ voluntarily forfeits his right to a direct appeal is not entitled to assign error for the first time on collateral review without showing both cause for the default and actual prejudice resulting from the assigned error. United States _____________ v. Frady, 456 U.S. 152 (1982); see also Tajeddini, 945 F.2d _____ ________ _________ at 468 (remanding case to district court to determine whether petitioner had voluntarily foregone his right to appeal). -7- Petitioner's excuse for failing to take a direct appeal is that he didn't know he had the right to appeal. First he blames his lack of knowledge on his counsel, claiming that counsel failed to advise him of his right to appeal. However, the letter he offered from his attorney does not support this claim.7 Second, petitioner claims he was in "shock" and under the influence of medication at the time of sentencing. For this reason, petitioner alleges, he could not understand the judge's plain statement informing petitioner of his right to appeal the sentence. Petitioner's "shock" claim, however, is belied by his own lengthy, concise and responsive testimony at the hearing. And the record shows no mention of petitioner's use of medication at the time of sentencing. While the district court did not expressly rule on the voluntariness of petitioner's failure to appeal, the record before us is plain. As the letter from his counsel affirms, there was no incentive for ____________________ 7. The letter from petitioner's attorney dated July 8, 1991, does not state that petitioner was uninformed. At best it is equivocal on that point I did not file a Notice of Appeal since it is my recollection that it would not be in your best interest to raise an issue (1) that you could not win; and (2) that might open the door to a re- calculation of the entire sentence. If, however, your recollection differs, you could file a 2255 alleging ineffective assistance. Petitioner's Traverse to Government's Objection, Exhibit A. -8- petitioner to take a direct appeal because he had obtained all the relief he sought at the sentencing hearing. Aside from his transparently thin claim of lack of knowledge, petitioner offered no evidence below to rebut the presumption of a voluntary waiver. He asserts no other cause for his procedural default, nor any prejudice from the alleged error. Accordingly, we affirm the judgment below. ______ -9-