USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2345

 UNITED STATES,

 Appellee,

 v.

 JUAN CARLOS DURAN, a/k/a Moreno,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 
 
 
 James B. Krasnoo on brief for appellant.
 Jay P. McCloskey, United States Attorney, and Margaret D.
McGaughey, Assistant United States Attorney, on brief for appellee.

May 27, 1999

 
 

 Per Curiam. Juan Carlos Duran, who pled guilty to one count
of conspiracy to distribute and possess with intent to distribute
heroin, appeals from his sentence on the sole ground that the
district court erred in imposing a two-level enhancement for
possession of a weapon under U.S.S.G. 2D1.1(b)(1).
 "We review factual determinations made in the course of
sentencing for clear error, mindful that such determinations need
only be supported by preponderant evidence. Moreover, the district
court's application of a relevant guideline to the facts of a given
case is a fact-sensitive matter that engenders clear-error review."
United States v. McDonald, 121 F.3d 7, 9 (1st Cir. 1997) (citations
omitted), cert. denied, __ U.S. __, 118 S. Ct. 725 (1998).
 It was not clear error for the district court to conclude that
the government satisfied its burden of showing the requisite "nexus
between the weapon and the offense." Id. at 9. On this record, the
district court's finding that "the gun was placed [in the hall
closet] to be available to be utilized if necessary to protect the
drug transaction proceeds that were secreted in the bedroom," was
not clearly erroneous. This constructive possession for such
purpose qualifies as "possess[ion] [of] the weapon during the
currency of the offense." Id. at 10.
 Once "the government has shown that a firearm possessed by the
defendant was present during the commission of the offense, the
burden shifts to the defendant to persuade the factfinder that a
connection between the weapon and the crime is clearly improbable."
Id. Duran failed to meet that burden. His arguments that the
 2
enhancement should not apply because 1) the gun was not present
during any of the drug transactions and 2) the gun was not located
in close enough proximity to the drugs, are unavailing.
 We have not interpreted 2D1.1(1)(b) as requiring that the
defendant have the gun on his person during a drug transaction. 
"While a nexus must be shown between the weapon and the criminal
act, the defendant need not have the weapon on his person or in the
immediate vicinity for the enhancement to apply. Presence may be
constructively established." United States v. Pineda, 981 F.2d 569,
473 (1st Cir. 1992). Where defendant is convicted of conspiracy to
commit a drug offense, "the sentencing guidelines require only that
a gun be present during some portion of an ongoing crime." United
States v. Berrios, 132 F.3d 834, 839 (1st Cir. 1998).
 Nor have we required that the weapon be located in close
proximity to the drugs. The enhancement applies if the weapon is
used to protect either the participants, the drugs or the cash
involved in the drug business during the ongoing conspiracy. See
United States v. Corcimiglia, 967 F.2d 724, 727 (1st Cir. 1992). 
In United States v. Paulino, 887 F.2d 358 (1st Cir. 1989), this
court affirmed application of the weapon enhancement on facts
similar to these. A gun was found in an apartment where cash
proceeds of the drug transactions were stored. The drugs
themselves were found in a separate apartment. We held that
"[g]iven the facts of the instant case, it is not 'clearly
improbable' that the loaded 9 mm. semi-automatic pistol was
connected to the drug offense." Id. at 360.
 The district court was not clearly erroneous in applying the
 2D1.1(1)(b) sentence enhancement and the judgment is therefore
affirmed. See Loc. R. 27.1.