**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 02-2624

UNITED STATES OF AMERICA,

Appellee,

v.

ANDRE D. TUCKER,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

David A.F. Lewis on brief for appellant.
Donald C. Lockhart and Gerard B. Sullivan, Assistant United States Attorneys, and Craig N. Moore, United States Attorney, on brief for appellee.

---

July 9, 2004

---

**Per Curiam**.     Defendant-appellant Andre D. Tucker ("Tucker") appeals the sentence imposed by the district court challenging the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.  We affirm.

Tucker was arrested at his apartment on February 3, 2000.[1]  Agents found a loaded .380 semiautomatic pistol with an obliterated serial number and $2,590.00 in cash in Tucker's bedroom and 78.13 grams of crack cocaine in a locked case in the basement of Tucker's building.  Two other tenants lived in Tucker's building in separate apartments; all had access to the basement.

Pursuant to a written plea agreement, Tucker pleaded guilty to a 10-count information.  Count Ten charged Tucker with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[2]  At Tucker's initial sentencing hearing, the district court determined that Tucker's base offense level was 32, with a four-level leader/organizer enhancement pursuant to U.S.S.G. § 3B1.1 and a three-level

---

[1]  The arrest occurred after Tucker and several co-conspirators made cocaine sales to an undercover officer and an informant between June and August 1999.

[2]  Count One charged Tucker with conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846.  Counts Two through Seven charged Tucker with distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Count Eight charged Tucker with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Count Nine charged Tucker with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922 (g)(1).

reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Accordingly, the district court found Tucker's total offense level to be 33 and designated a criminal history category of V, yielding a guideline range of 210 to 266 months. The court sentenced Tucker to 230 months imprisonment on Counts One through Eight, to be served concurrently, 120 months imprisonment on Count Nine, to be served concurrently with the sentences for Counts One through Eight, and 60 months imprisonment for Count Ten, to run consecutive to the other sentences.

Tucker appealed, arguing that his convictions on Counts Eight and Ten should be vacated due to errors during the plea colloquy. The government conceded that its recitation of the facts in support of the § 924(c) charge was deficient under Fed. R. Crim. P. 11(f), primarily because it had stated that the cocaine was discovered in Tucker's bedroom. This court accepted the government's concession, vacated Tucker's conviction on Count Ten, and remanded the case for further proceedings. See United States v. Tucker, No. 00-2192 (1st Cir. Apr. 1, 2002).

The government declined to prosecute the § 924(c) count after remand. At the re-sentencing hearing, the district court determined that Tucker's base offense level was 32, with a four-level leader/organizer enhancement, a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1), and a three-level reduction for acceptance of responsibility. Tucker did not

object to the two-level enhancement for possession of a firearm at the sentencing hearing. The court found Tucker's total offense level to be 35 and designated a criminal history category at V, yielding a guideline range of 262 to 327 months. Tucker was sentenced to 290 months imprisonment on Counts One and Eight, 240 months imprisonment on Counts Two through Seven, and 120 months imprisonment on Count Nine, all sentences to be served concurrently. Tucker appeals once more, now arguing that the district court erred in enhancing his sentence under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.

Since Tucker did not object at trial to the two-level enhancement, we review for plain error only. See United States v. Connolly, 341 F.3d 16, 31 (1st Cir. 2003). Tucker therefore must establish "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Sabetta, No. 03-1506, 2004 WL 1403353, at *3 (1st Cir. June 24, 2004)(citations omitted). Because Tucker has failed to meet this burden, we affirm.

Tucker concedes that he possessed the gun. He argues that the government failed to prove the gun was present during the charged offense. He bases this argument on application note 3 to

U.S.S.G. § 2D1.1(b)(1), which states:

> The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

U.S.S.G. § 2D1.1(b)(1), comment n.3.

Tucker argues that there was no evidence the gun was present during the controlled sales he made to the undercover officer and informant in the summer of 1999. Furthermore, he argues that the gun found in his apartment was not "present" in relation to the cocaine found in the basement because all the tenants in the building had access to the basement. We disagree.

Factual determinations made in the course of sentencing must be supported by a preponderance of the evidence. See United States v. McDonald, 121 F.3d 7, 9 (1st Cir. 1997). While there must be a certain nexus between the weapon and the offense for the enhancement to apply, it is well settled in this circuit that "when the weapon's location makes it readily available to protect either the participants themselves during the commission of the illegal activity or the drugs and cash involved in the drug business, there will be sufficient evidence to connect the weapon(s) to the offense conduct." Id. at 10 (quoting United States v. Corcimiglia, 967 F.2d 724, 727 (1st Cir. 1992)(internal quotations omitted)(holding that the two-level enhancement was appropriate where drugs, cash

-5-

and drug scales were found in defendant's parlor and a gun was found in a secret compartment in defendant's bathroom vanity)). Tucker was arrested at his home with a significant amount of cash and a loaded gun in his bedroom as well as cocaine in the basement of his building. The fact that other tenants had access to the basement does not alter the result. Tucker admitted that the cocaine in the basement was his in pleading guilty to possessing the cocaine with intent to distribute it. The gun's location in Tucker's bedroom made it readily available to Tucker to protect his cash and the drugs in the basement. See id.; United States v. Paulino, 887 F.2d 358 (1st Cir. 1989)(holding that the two-level enhancement was appropriate where the gun, cash, and a drug ledger were found in one apartment and the drugs were found in a different apartment in the same building).

The two-level enhancement for possession of a firearm "reflects the increased danger of violence when drug traffickers possess weapons." U.S.S.G. § 2D1.1(b)(1), comment n.3; see United States v. Almonte (stating that "it is not unreasonable to believe that drug distributors who have loaded guns nearby are likely to use the guns in committing or attempting to commit drug offenses"). In this case, the gun in Tucker's bedroom was loaded, readily available for Tucker's use should the need arise. From this evidence the district court concluded, amply supported by the evidence, that Tucker possessed the loaded gun to protect himself,

-6-

his drugs in the basement, and the cash in his apartment.  <u>See</u> <u>McDonald</u>, 121 F.3d at 7.

**<u>Affirmed</u>**.