UNITED STATES of America, Appellee,

v.

Nicholas BIANCO, Appellant.

UNITED STATES of America, Appellee,

v.

Daniel Thomas FEENEY, Appellant.

Nos. 90–1550, 90–1551.

United States Court of Appeals,
First Circuit.

Heard Oct. 2, 1990.

Decided Jan. 8, 1991.

John A. MacFadyen, for appellant Bianco.

John Tramonti, Jr., with whom Karen R. Ellsworth, was on brief, for appellant Feeney.

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., was on brief, for appellee.

Before CAMPBELL and CYR, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

CYR, Circuit Judge.

Nicholas Bianco and Daniel Feeney appeal their prison sentences for distributing marijuana and for possessing marijuana for distribution under 21 U.S.C. §§ 841(a) and 846. Appellants challenge the enhancement of their sentences pursuant to United States Sentencing Commission Guidelines §§ 1B1.3(a)(1) and 2D1.1(b)(1) on account of codefendant William Acciardo's possession of a firearm in furtherance of their joint criminal venture. We affirm.

I

The facts are not in dispute. Appellants were apprehended during a "reverse sting" investigation conducted by the Drug En-

* Of the Second Circuit, sitting by designation.

forcement Administration. A government informant met with appellant Bianco in East Providence, Rhode Island, in October 1989, and let it be known that he had marijuana for sale. Bianco advised the informant that he knew two people who were interested in purchasing large quantities of marijuana. Over the next several days, Bianco introduced the informant to Acciardo and Feeney and attended a series of meetings at which marijuana prices and quantities were discussed. Feeney told the informant that he had been dealing in illegal drugs for a long time and that he had made hundreds of thousands of dollars a year from drugs. Acciardo and Feeney sampled some marijuana supplied by the informant and advised the informant that they would like to purchase one hundred to five hundred pounds of marijuana per week. Bianco participated in no less than four meetings [1] and was to receive a $5,000 broker's fee for his services once the first marijuana transaction was consummated.

At a meeting on November 8, Acciardo, Feeney and the informant agreed to meet again the following day to exchange one hundred pounds of marijuana for eighty thousand dollars in cash. The three men met in a parking lot in East Providence as arranged, except for the police surveillance. Acciardo and Feeney entered the informant's car and handed him a bag containing more than seventy-nine thousand dollars in cash. Feeney was given the keys to a nearby rental vehicle in which the marijuana was supposed to be located. Feeney and Acciardo were arrested before Feeney got into the vehicle. A loaded and fully operable semi-automatic pistol was found in Acciardo's pocket. The informant then went to meet Bianco, who was waiting at a pre-arranged location to collect his $5,000 fee for arranging the marijuana transaction. Bianco was arrested as he picked up the five thousand dollars.

Feeney and Bianco entered guilty pleas and were sentenced to serve sixty-eight months and seventy-five months, respectively. Although neither appellant possessed a firearm, and there was no evidence that either was aware that Acciardo possessed one, their sentences reflect a two-level increase in their base offense levels, pursuant to U.S.S.G. §§ 1B1.3(a)(1) and 2D1.1(b)(1), due to codefendant Acciardo's possession of a dangerous weapon during the course of their substantive marijuana offenses.

## II

Whether a defendant's sentence is subject to enhancement under U.S.S.G. §§ 1B1.3(a)(1) and 2D1.1(b)(1), due to a codefendant's possession of a dangerous weapon in furtherance of their joint criminal venture, presents an issue of first impression in this Circuit. We accord due deference to the district court's application of the sentencing guidelines to the facts. *United States v. Paulino*, 887 F.2d 358, 359 (1st Cir.1989); *United States v. Wright*, 873 F.2d 437, 440 (1st Cir.1989).

Sentencing guideline § 2D1.1(b)(1) directs that the base offense level be increased two levels "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense...." Even though a particular defendant does not possess a weapon, U.S.S.G. § 1B1.3(a)(1) requires the sentencing court to consider "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant *would be otherwise accounta-*

---

**1.** On October 27, Bianco met with the informant and told him he had two people interested in purchasing large quantities of marijuana for $750 per pound. The informant said he had 100 pounds to sell and could provide more in the future. Bianco assured the informant that his associates could purchase 100 pounds every two weeks. On November 1, Bianco, Acciardo and the informant met. Acciardo said he wanted to purchase fifty pounds that day and an additional fifty pounds for someone else the next. The informant refused to sell less than 100 pounds at a time. On November 2, Bianco, Acciardo and Feeney met the informant. Bianco said Acciardo and Feeney could purchase 300 to 400 pounds of marijuana per week. Acciardo said that he could purchase 200 pounds every two weeks. Feeney stated that he could buy 1,000 pounds of marijuana every week. Later, he said he certainly would purchase 2,000 pounds per month. On November 6, Bianco met with the informant alone and gave the informant a sample of the type and quality of marijuana that Feeney wanted to purchase.

*ble....*" (emphasis added). A defendant is accountable for "reasonably foreseeable" conduct undertaken by others in furtherance of their joint criminal venture. *See* U.S.S.G. § 1B1.3, comment (n. 1) (a defendant is accountable for "criminal activity undertaken in concert with others, *whether or not charged as a conspiracy.*") (emphasis added); *United States v. Aguilera–Zapata*, 901 F.2d, 1209, 1214 (5th Cir.1990). Thus, the sentencing guidelines expressly require a two-level increase in a defendant's base offense level whenever a codefendant's possession of a firearm in furtherance of their joint criminal venture was reasonably foreseeable by the defendant. *See United States v. Barragan*, 915 F.2d 1174 (8th Cir.1990); *United States v. Garcia*, 909 F.2d 1346 (9th Cir.1990); *United States v. Aguilera–Zapata*, 901 F.2d 1209; *United States v. White*, 875 F.2d 427 (4th Cir.1989).

■ Appellants assert that it was clear error to infer, merely from the quantity of marijuana involved in their substantive offenses of conviction, that their codefendant's possession of a dangerous weapon was reasonably foreseeable. We cannot agree. Like several other circuits, *see, e.g., Garcia*, 909 F.2d at 1350; *Aguilera–Zapata*, 901 F.2d at 1215; *White*, 875 F.2d at 433, we often observe that firearms are common tools of the drug trade, *see, e.g., United States v. Jackson*, 918 F.2d 236, 240 (1st Cir.1990); *United States v. Walters*, 904 F.2d 765, 769 (1st Cir.1990). Absent evidence of exceptional circumstances, we think it fairly inferable that a codefendant's possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash. *See, e.g., Garcia*, 909 F.2d at 1350 (possession of firearm reasonably foreseeable where "large amount of drugs" involved); *Aguilera–Zapata*, 901 F.2d at 1215 (possession of firearm foreseeable where quantity of narcotics was "sufficient to support an inference of intent to distribute").

Contrary to Bianco's assumption, an inference of "reasonable foreseeability" does not create an irrebuttable presumption, as the sentencing court may refuse to find reasonable foreseeability "in light of special circumstances or contrary evidence presented by the defendant in rebuttal." *Aguilera–Zapata*, 901 F.2d at 1216. Furthermore, contrary to Feeney's contention, a reasonable inference from facts in evidence is not an impermissible shifting of the burden of proof as long as the presumption is based on " 'a rational connection between the facts proved and the fact presumed,' " *Leary v. United States*, 395 U.S. 6, 33, 89 S.Ct. 1532, 1546, 23 L.Ed.2d 57 (1969) (quoting *Tot v. United States*, 319 U.S. 463, 467, 63 S.Ct. 1241, 1244, 87 L.Ed. 1519 (1943)), and "leaves the trier of fact free to credit or reject the inference," *County Court of Ulster v. Allen*, 442 U.S. 140, 157, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979). *See also Niziolek v. Ashe*, 694 F.2d 282, 292 (1st Cir.1982) (permissive inference does not unconstitutionally shift burden of proof).

Appellants further assert that an inference of reasonable foreseeability in these circumstances "would have the effect of accounting for this [base offense level] factor twice," *see United States v. Fuller*, 897 F.2d 1217, 1222 (1st Cir.1990) (overturning sentence enhancement based solely on finding that defendant was an "organizer"), since the amount of marijuana has already been factored into the determination of the base offense level. Appellants misapprehend the rationale for the present sentence enhancements. Under U.S.S.G. § 2D1.1(b)(1), their sentences were enhanced in response to the *presence of a firearm* during the course of their offenses of conviction, a factor which the Sentencing Commission has determined, as a legislative fact, normally increases the danger of violence in drug crimes. U.S.S.G. § 2D1.1(b)(1), comment (n. 3). The value and quantity of controlled substances are simply relevant indicators as to whether a codefendant's possession of a firearm, and the concomitant increase in the risk of violence, during the course of their joint criminal venture, were reasonably foreseeable to the defendant.

The appellants correctly point out that a sentence may be enhanced under U.S.S.G.

§ 1B1.3 only in response to joint criminal activity which was reasonably foreseeable *by the defendant.* U.S.S.G. § 1B1.3, comment (n. 1) (emphasis added). Appellants mistakenly argue that we transform the subjective test under U.S.S.G. § 1B1.3 into an objective one by permitting an inference of reasonable foreseeability based only on the quantity of controlled substances. We merely hold that the district court permissibly relied on the value and amount of the marijuana, which *these appellants had reason to believe would be involved in their joint criminal venture,* for its inference that a codefendant's possession of a firearm was reasonably foreseeable to appellants. Since the inference of reasonable foreseeability was based on what Bianco and Feeney had reason to believe, and may be overcome either by evidence of "special circumstances" or by contrary evidence, the "reasonable foreseeability" test under U.S.S.G. § 1B1.3 is neither an inexorable one, nor is it lacking in the requisite subjective content.

▮ Appellants contend that the evidence cannot support a finding of "reasonable foreseeability." [2] A district court determination that codefendant conduct in furtherance of a joint criminal venture was reasonably foreseeable to the defendant is reviewed for clear error. *Barragan,* 915 F.2d at 1179; *Garcia,* 909 F.2d at 1349; *see also United States v. Preakos,* 907 F.2d 7, 8 (1st Cir.1990). The government must prove, *Aguilera–Zapata,* 901 F.2d at 1215, by a preponderance of the evidence, *United States v. Mocciola,* 891 F.2d 13, 17 (1st Cir.1989), facts sufficient to support the sentence.

There is no dispute that Acciardo, Bianco and Feeney collaborated in a criminal venture to purchase one hundred pounds of marijuana for eighty thousand dollars in cash and that Acciardo knowingly possessed a firearm at the scene of the attempted exchange. Bianco contends that he did not know the amount of marijuana. But Bianco's contention is belied by his own admissions of involvement in four meetings,[3] at which large quantities of marijuana were discussed (most notably, during the discussion about purchasing up to four hundred pounds of marijuana at seven hundred fifty dollars per pound), and his admission that he expected to receive a $5,000 fee for bringing Feeney and Acciardo together with their putative "supplier," the government informant. For his part, Feeney "boasted" of his long and profitable experience as a drug dealer, stated that he would certainly purchase 2,000 pounds of marijuana per month, was directly involved in the November 8 negotiations for the purchase of one hundred pounds of marijuana for $80,000, and went with Acciardo to the scene of the abortive marijuana exchange.

As appellants offered no evidence to gainsay the reasonable foreseeability of their codefendant's possession of a dangerous weapon at the scene of the marijuana exchange, we conclude that there was sufficient evidence to support a finding that Feeney and Bianco both had reason to believe that a large amount of cash would be exchanged between drug dealers doing business with one another for the first time. In these circumstances, we do not believe that it was clear error for the dis-

---

**2.** Appellants assert that it is unclear whether these sentence enhancements were based on the "reasonable foreseeability" standard in U.S.S.G. § 1B1.3(a) or on a theory of coconspirator liability under *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). We need not decide whether the *Pinkerton* doctrine provides a proper basis for enhancing a defendant's sentence on account of a joint venturer's possession of a firearm. *Compare Garcia,* 909 F.2d at 1350 n. 1 (joint venturer "liability for the purpose of sentence enhancement has been dealt with explicitly in the Guidelines.") (declining to follow *United States v. Otero,* 890 F.2d 366 (11th Cir.1989), which applied *Pinkerton* test to enhance defendant's sentence for codefend-

ant's possession of firearm), *with United States v. LaFraugh,* 893 F.2d 314, 317 (11th Cir.) (although standards embodied in U.S.S.G. § 1B1.3 do not codify *Pinkerton* doctrine, they sufficiently approximate it so that enhancement under *Pinkerton* is proper) *cert. denied,* — U.S. ——, 110 S.Ct. 2601, 110 L.Ed.2d 281 (1990); *United States v. Missick,* 875 F.2d 1294 (7th Cir.1989) (sentence enhancement for firearm possession by joint venturer permissible on *Pinkerton* grounds). We conclude that the sentence enhancements in the instant case are entirely supportable under U.S.S.G. § 1B1.3.

**3.** *See supra* note 1.

trict court to conclude that a codefendant's possession of a dangerous weapon at the scene of the drug exchange was reasonably foreseeable to appellants.

■ Finally, appellants assert that the district court erred in not assigning specific reasons for enhancing their sentences. Although the court did not state in specific terms that Acciardo's possession of the firearm was reasonably foreseeable to Bianco and Feeney, there can be no doubt whatever that the court impliedly made such a finding in its enhancement of these sentences.[4] At sentencing, counsel for Bianco and Feeney vigorously argued that reasonable foreseeability was the test the sentencing court was required to apply. Although government counsel alluded to the *Pinkerton* theory, the government too conceded that "reasonable foreseeability" is the Guidelines standard. The district court then imposed sentence on Bianco, calling explicit attention to U.S.S.G. § 1B1.3, quoting its text and concluding that Bianco's conduct came "square[ly] within that provision."[5]

Thus, although the sentencing court "did not explicitly adopt the 'reasonable foreseeability' language used in the Guidelines commentary," we are satisfied that its statements amounted to an implicit finding of reasonable foreseeability.[6] *See United States v. Willis*, 899 F.2d 873, 875 (9th Cir.1990).

*Affirmed.*

---

**4.** Unlike guideline sentencing range departures, the sentencing court is not required to state special findings or to assign specific reasons for sentence enhancements within the guideline range. *United States v. Wallace*, 904 F.2d 603, 605 (11th Cir.1990); *United States v. Beaulieu*, 900 F.2d 1531, 1535 (10th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 3252, 111 L.Ed.2d 762 (1990).

**5.** Although the district court made express reference to U.S.S.G. § 1B1.3 during only Bianco's sentencing hearing, its identical enhancement of Feeney's sentence immediately thereafter indisputably was based on the same ground.

**6.** Appellants call attention to *Aguilera–Zapata*, 901 F.2d at 1216, where the Fifth Circuit remanded for a "reasonable foreseeability" determination even though the evidence provided ample support for such a conclusion. *Aguilera–Zapata* is distinguishable. There the court was motivated at least in part by a concern that the sentencing court had made no reference to "reasonable foreseeability," but had instead indicated a belief that a codefendant's possession of a gun, by itself, was a sufficient basis for an enhancement of the defendant's sentence. In the instant case, the sentencing court impliedly found "reasonable foreseeability" on sufficient record evidence.