954 F.2d 787
 293 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Annette GAUNT, Appellant.
UNITED STATES of America
v.
Lymus E. HALLMAN, Appellant.
 Nos. 91-3109, 91-3110.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 10, 1992.
 
 Before BUCKLEY, KAREN LECRAFT HENDERSON and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 These cases were heard on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED that the judgments from which these appeals have been taken be affirmed. The district court's findings regarding the police's entry of the premises were not clearly erroneous; the appellants therefore cannot claim that the police violated the knock and announce rule of 18 U.S.C. § 3109. The district court also properly admitted the suppression hearing testimony of Officer Hoyle under the confrontation clause of the sixth amendment because the appellants had an adequate opportunity to cross examine Hoyle. See, e.g., Ohio v. Roberts, 448 U.S. 56, 70-71 (1980); California v. Green, 399 U.S. 149, 165 (1970). In connection with the admission of Officer Hoyle's testimony, we likewise reject the appellants' claim that the district court abused its discretion when it allowed a government paralegal to read the testimony. The district court also did not abuse its discretion in admitting the evidence of other crimes and wrongdoing. See United States v. Bruce, 939 F.2d 1053, 1056 n. 2 (D.C.Cir.1991); United States v. Anderson, 881 F.2d 1128, 1142 (D.C.Cir.1989). The district court also properly enhanced each appellant's base offense level under U.S.S.G. § 2D1.1(b)(1) on the ground that their coconspirator Anderson had used firearms in a reasonably foreseeable manner. See United States v. Bianco, 922 F.2d 910, 912 (1st Cir.1991); United States v. White, 875 F.2d 427, 433 (4th Cir.1989). Finally, the district court properly denied appellant Hallman's motion for judgment of acquittal on the possession with intent to distribute charge because there was sufficient evidence to send the charge to the jury.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).