USCA1 Opinion

 

 February 26, 1992 [NOT FOR PUBLICATION] ___________________ No. 91-1910 UNITED STATES, Appellee, v. MICHAEL J. FIELDS, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ___________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ___________________ Robert R. Bennett on brief and Objection To Motion For ___________________ Summary Disposition for appellant. Jeffrey R. Howard, United States Attorney, and Peter E. ___________________ ________ Papps, First Assistant U.S. Attorney, on Memorandum In Support Of _____ Motion For Summary Disposition for appellee. __________________ __________________ Per Curiam. The appellant, Michael Fields, was arrested __________ in the driver's seat of a passenger van during a drug "buy/bust" operation conducted by undercover police agents. Fields' passenger, Philip Wight, was also arrested, as was Edward Dunbar, a confederate of Wight and Fields who had driven to the scene in his own car and negotiated the sale of ten pounds of marijuana to the undercover agents. Police recovered almost ten pounds of marijuana from the van, and later found a loaded pistol and "flash suppressor" in an unzippered gun bag on the floor of the van, underneath some newspapers. The police also retrieved a gun from the floor of Dunbar's car. The government charged Fields with (1) conspiracy to possess marijuana with intent to distribute, (2) possession of marijuana with intent to distribute, and (3) possession of a firearm during the commission of a drug trafficking crime. A jury convicted Fields of the conspiracy charge, but acquitted him of the other charges. Notwithstanding the acquittal on the gun charge, the district court, calculating Fields' penalty under the Sentencing Guidelines, added two levels to his "offense level" for possession of a dangerous weapon during the commission of a drug offense. U.S.S.G. 2D1.1(b)(1). The court sentenced Fields to a prison term of sixteen months, the maximum allowed under the Guidelines. Had the court not made the two-level enhancement, the maximum penalty would have been twelve months. 2 On appeal, Fields challenges only the two-level sentence enhancement. He argues first that the district court erred when it enhanced his sentence on the basis of conduct of which a jury had found him not guilty. Fields acknowledges that his argument is directly contrary to our holding in United States v. Mocciola, 891 F.2d 13, 17 (1st Cir. 1989) _____________ ________ that facts underlying a prior acquittal may be considered by the sentencing court when those facts are supported by a preponderance of the evidence, but he invites us to overrule Mocciola on the basis of the Ninth Circuit's recent opinion ________ in United States v. Brady, 928 F.2d 844, 850-52 (9th Cir. _____________ _____ 1991). We note that every court of appeals other than the Ninth Circuit that has considered the issue has agreed with Mocciola,1 and decline the invitation. ________ Fields also argues that the evidence presented at trial was insufficient to support the sentence enhancement. "We remain mindful that the determination of factbound matters pertinent to sentencing need only be supported by a preponderance of the evidence and can be set aside only for clear error." United States v. David, 940 F.2d 722, 739 (1st _____________ _____ ____________________ 1 See, e.g., United States v. Coleman, 947 F.2d 1424 (10th _________ _____________ _______ Cir. 1991); United States v. Manor, 936 F.2d 1238, 1243 (11th _____________ _____ Cir. 1991); United States v. Lawrence, 934 F.2d 868 (7th Cir. _____________ ________ 1991); United States v. Duncan, 918 F.2d 647, 652 (6th Cir. _____________ ______ 1990); United States v. Rodriguez-Gonzalez, 899 F.2d 177 (2d Cir. _____________ __________________ 1990); United States v. Dawn, 897 F.2d 1444 (8th Cir. 1990); _____________ ____ United States v. Isom, 886 F.2d 736 (4th Cir. 1989); United ______________ ____ ______ States v. Juarez-Ortega, 866 F.2d 747 (5th Cir. 1989); United ______ _____________ ______ States v. Ryan, 866 F.2d 604 (3d Cir. 1989). ______ ____ 3 Cir. 1991). There was no such error here. The commentary to U.S.S.G. 2D1.1(b)(1) instructs the sentencing court to make the enhancement whenever a weapon is "present, unless it is clearly improbable that the weapon was connected with the offense." Fields does not dispute that a weapon was "present" in this case, and the district court had ample evidence from which to infer a connection between the gun found in the van and the drug offense: (1) Edward Dunbar's uncontradicted testimony that he gave the gun to Fields in Fields' apartment, (2) the fact that Dunbar did not give the gun to Fields until shortly before the drug sale was to take place, and (3) Dunbar's testimony (again uncontradicted) that he instructed Fields to consider using the gun to support Dunbar if the deal went sour and turned violent. Given this evidence, "we would be blinking reality were we to hold that the weapon's presence was purely coincidental or that any connection between it and the crime of conviction was improbable." United States v. McDowell, 918 F.2d 1004, ______________ ________ 1011 (1st Cir. 1990). Fields carried the gun to the drug sale only because Dunbar wanted protection in the event of violence; had there been no drug deal in the offing, there would have been no gun. The gun's precise location in the van -- allegedly out of Fields' immediate reach -- is of no consequence. The defendant need not be found with his finger quivering on the trigger in order to connect the gun with the crime. The very most the courts require is sufficient 4 proximity to allow the defendant to retrieve the gun if he decides to use it. See, e.g., United States v. Armond, 920 _________ _____________ ______ F.2d 480 (7th Cir. 1990) (gun found under driver's seat of truck in which defendant was passenger); United States v. _____________ McDowell, 918 F.2d at 1011 (pistol seized from vehicle which ________ defendant drove to airport en route to pick up drugs); United ______ States v. Paulk, 917 F.2d 879, 882 (5th Cir. 1990) (pistol ______ _____ found in fastened glove compartment of defendant's car and defendant was arrested "some distance" from car); United ______ States v. Heldberg, 907 F.2d 91, 93-94 (9th Cir. 1990) (gun ______ ________ found in briefcase in trunk of defendant's car). Finally, Fields challenges the sufficiency of the evidence connecting him to the second gun (found in Dunbar's car). As the gun in the van was enough to prompt the sentence enhancement, the issue is moot. In any event, we think the evidence was adequate to show that Dunbar's use of a gun was "reasonably foreseeable" to Fields. United States _____________ v. Bianco, 922 F.2d 910, 912 (1st Cir. 1991). It is "fairly ______ inferable that a codefendant's possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." Id. Once Dunbar gave Fields a gun to carry, ___ moreover, it should have become manifestly foreseeable to Fields that Dunbar might carry a gun himself. The government's motion for summary disposition is 5 granted. The motion to dispense with oral argument is moot. Affirmed. ________ 6