972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Norman MASON, Defendant, Appellant.
 No. 91-1912.
 United States Court of Appeals,
First Circuit.
 August 18, 1992
 
 Appeal from the United States District Court for the District of Massachusetts
 Albert F. Cullen, by Appointment of the Court, with whom Cullen & Butters was on brief for appellant.
 Stephen A. Higginson, Assistant United States Attorney, with whom Wayne A. Budd, United States Attorney, was on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Circuit Judge, Roney,* Senior Circuit Judge, and Pieras,* * District Judge.
 PIERAS, JR., District Judge.
 This is an appeal from a criminal sentence imposed on September 9, 1991, by Judge Caffrey of the United States District Court for the District of Massachusetts. The defendant was found guilty of executing a scheme to defraud a financial institution in violation of 18 U.S.C. §§ 1344(1) and (2). Judge Caffrey calculated a United States Sentencing Guidelines imprisonment range of twenty four through thirty months and sentenced the defendant to twenty seven months incarceration. The defendant now challenges: 1) the sufficiency of the evidence regarding fraudulent intent; 2) an allegedly erroneous jury instruction; 3) admission at trial of an internal bank audit document; 4) two level Sentencing Guidelines increase for obstruction of justice; and 5) trial court's refusal to apply two level Sentencing Guidelines decrease for acceptance of responsibility. The defendant alternatively requests that his conviction be reversed; that the indictment be dismissed; and/or that his sentence be reduced. The defendant's objections lack merit and thus the district court's judgment will be affirmed.
 I. THE FACTS
 The defendant, as Treasurer of the family owned pharmacies "Mason Brothers, Inc." in Massachusetts, devised and carried out a check kiting bank fraud of the Framingham Savings Bank (FSB) and Shawmut Bank (Shawmut) during the calendar year 1988. Defendant Mason committed his fraudulent activity by moving large quantities of worthless checks between his corporate business accounts at the two banks. These deposits inflated the balances that the banks believed Mason possessed in his commercial accounts, when in fact no funds existed to cover the worthless checks. That fact was kept hidden from the banks by Mason's practice of playing the "float" period, that is, depositing more worthless checks to cover checks one bank would send for collection to the other. During the time that a deposited check was supposed to be cleared, the defendant would make checks out to third parties, against the falsely inflated account balance. He thus created a line of credit for himself without the bank's knowledge. Mason caused these deposits to be entered at different branches of the banks to further conceal his fraud. Approximately, $140,000.00 in kited checks were made out to third parties by the defendant, thus siphoning off the funds for his own use. FSB sustained $357,688.00 in losses.
 II. SUFFICIENCY OF THE FRAUDULENT INTENT EVIDENCE
 When considering challenges to the sufficiency of evidence, the trial record must be examined in the light most favorable to the government. United States v. Batista-Polanco, 927 F.2d 14 (1st Cir. 1991). Even though the defendant challenges the sufficiency of the evidence on appeal, he fails to refer to concrete examples of how the evidence was insufficient. Rather, the defendant maintains that the documentary evidence of fraud which was presented by the government "shows only that Mason performed business transactions, albeit in an unusual manner, which he believed to be legitimate." Appellant's Brief at 11.
 Yet the intent to defraud a bank may be inferred by circumstantial evidence and need not be proven with a demonstration of the defendant's motive to injure the bank itself. United States v. Tokoph, 514 F.2d 597, 603-604 (10th Cir. 1975). The extensive documentary and testimonial evidence presented by the government (Mason's banking records; bank internal audit reports; and FBI expert testimony on check kiting scheme operations) gave the jury ample basis to infer that Mason had a fraudulent intent to deprive the banks of money.
 III. JURY INSTRUCTIONS
 Although the indictment in this case charged the defendant with counts under sections one and two of 18 U.S.C. § 1344, the government's Bill of Particulars specified that it would only prosecute the defendant pursuant to section one of the statute. At trial, the Judge instructed the jury on what constituted a scheme to fraud ("by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive")-which is pertinent only to section two of the statute. When advised of the error, the trial judge clarified for the jury that "there is no burden on the government to prove false pretenses." The defendant claims that this clarification was insufficient and that he was prejudiced by the erroneous charge. We disagree. The district court need not give instructions in the precise form or language requested by defendant. United States v. Ciampa, 793 F.2d 19, 36 (1st Cir. 1986).
 The defendant failed to raise an objection to the district court's final instruction at the trial level or to the reading of the complete indictment, therefore our evaluation must be guided by the plain error standard of review. United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989). Plain error analysis deals with "those errors so shocking that they seriously affect the fundamental fairness and basic integrity of the proceedings below." United States v. Griffin, 818 F.2d 97, 100 (1st Cir.), cert. denied, 484 U.S. 844 (1987). Mason at no time points to evidence in the record which illustrates how the jury was confused by the instruction. Therefore, this objection is without merit.[1]
 IV. ADMISSION OF BANK AUDIT DOCUMENT
 The standard of review for challenges to evidentiary foundations is abuse of discretion. United States v. Arboleda, 929 F.2d 858, 869 (1st Cir. 1991). A proper foundation exists when a witness testifies that the records were "(1) made or based on information transmitted by a person with knowledge at or near the time of the transaction; (2) made in the ordinary course of business; and (3) trustworthy." United States v. Moore, 923 F.2d 910, 914-915 (1st Cir. 1991). The court admitted an internal audit report as a business record pursuant to Fed. R. Evid. 803(6). The Director of Internal Audit for FSB, Peter Hebert, testified that he himself prepared the report in the ordinary course of business of the bank. Therefore, the admission of such evidence was not an abuse of the district court's discretion. United States v. McGill, 953 F.2d 10, 14 (1st Cir. 1992) (testimony of supervisor of bank's coupon department during time in question laid solid foundation and established trustworthiness); Kassel v. Gannett Co., Inc., 875 F.2d 935, 945 (1st Cir. 1989) (entries prepared as regular part of business admissible pursuant to Fed. R. Evid. 803(6)).
 V. OBSTRUCTION OF JUSTICE GUIDELINES INCREASE
 In reviewing a district court's sentence, we will accord due deference to the trial court's application of the United States Sentencing Guidelines to the facts. United States v. Bianco, 922 F.2d 910, 911 (1st Cir. 1991). The government has the burden of proving upward adjustments in offense levels by a preponderance of the evidence. United States v. Sklar, 920 F.2d 107, 112 (1st Cir. 1990). On appeal, reversal will only occur in cases where clear error is present. United States v. Wright, 873 F.2d 437, 444 (1st Cir. 1989). Section 3C1.1 of the U.S. Sentencing Guidelines provides for a two level increase when a defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the relevant offense. The trial court applied the two level increase because it found that the defendant had perjured himself on the stand. For instance, on the stand the defendant declared that his two pharmacies were financially sound, when in fact the documentary evidence showed otherwise; he also claimed that he did not gain money from his kiting scheme, when the bank officials presented contradictory evidence of his financial benefits. Thus, there was a preponderance of evidence which demonstrated that Mason obstructed justice when he perjured himself at the trial, and the defendant's claim is without support. United States v. Rehal, 940 F.2d 1 (1st Cir. 1991) (district court not required to specify those portions of a defendant's testimony it believes to have been falsified, so long as the finding of untruthfulness is sufficiently supported by the record).
 VI. ACCEPTANCE OF RESPONSIBILITY
 The standard of review for an acceptance of responsibility determination is the clearly erroneous standard. United States v. Royer, 895 F.2d 28 (1st Cir. 1990). Therefore, the district court determination is entitled to great respect and should not be disturbed unless it is without foundation. It is the defendant's burden to demonstrate that he has accepted responsibility for his acts. U.S.S.G. § 3E1.1(a). Throughout the trial, and up to the present time, the defendant repeatedly stated that he never executed the scheme to defraud the banks, that it was merely his effort at legitimate and creative bookkeeping for which he had no prior experience. Thus, a two level reduction for acceptance of responsibility pursuant to the U.S. Sentencing Guidelines § 3E1.1, would have been inappropriate and the trial court's decision was correct.[2] United States v. Paz Uribe, 891 F.2d 396 (1st Cir. 1989) (defendant who stood trial and testified as to his version of involvement in drug distribution, and contended on appeal that the court should have believed his testimony, was not entitled to decrease), cert. denied, 495 U.S. 951 (1990); United States v. Reyes, 927 F.2d 48 (1st Cir. 1991) (where appellant persisted in his denial of being captain of the vessel involved in an illegal alien smuggling ring and said nothing about his role as a co-pilot, this conduct reflected continuous desire to minimize his responsibility for the crime). Furthermore, Application Note 4 to U.S.S.G. § 3E1.1 states that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Inasmuch as the district court found evidence for the obstruction of justice increase, the Sentencing Guidelines support the refusal to accord the two level decrease for acceptance of responsibility.
 
 
 1
 In conclusion, all of the defendant's challenges have been found to be without merit. Therefore, the sentence is hereby affirmed.
 
 
 
 *
 Of the Eleventh Circuit, sitting by designation
 
 
 *
 * Of the District of Puerto Rico, sitting by designation
 
 
 [1]
 The defendant also contends that the trial court was in error when it failed to instruct the jury on recklessness and gross negligence in relation to the "fraudulent intent" charge. Yet, the court gave a complete instruction on fraudulent intent. "The district court need not give instructions in the precise form or language requested by the defendant." United States v. Beltrn, 761 F.2d 1, 11 (1st Cir. 1985)
 
 
 [2]
 Defense counsel conceded during appellate oral argument that he was unable to refer to any case law where the acceptance of responsibility decrease was allocated, when the defendant only accepted responsibility for the acts he committed and not for the criminal intent which accompanies such acts