61 F.3d 901
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cearful SPEIGHT, a/k/a June, Defendant-Appellant.
 No. 94-5153.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 13, 1995
Decided: July 31, 1995
 
 Andrew Anthony Protogyrou, KNIGHT, DUDLEY, DEZERN & CLARKE, Norfolk, VA, for Appellant. Helen F. Fahey, United States Attorney, Fernando Groene, Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before RUSSELL, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The appellant, Cearful Speight, was indicted with a number of others in a 42 count indictment arising out of a large cocaine operation in the Eastern District of Virginia. Speight was convicted of conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. Sec. 846 (1988). Speight was also convicted of several substantive offenses, including distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and use of a firearm in relation to drug trafficking, in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1995). Finally, Speight was also convicted of four counts of distribution of cocaine base. Speight was sentenced to 360 months imprisonment on the conspiracy charge and was also sentenced to concurrent terms of 240 months on each of the substantive charges.
 
 
 2
 Speight appeals, raising Fifth Amendment claims, challenging the sufficiency of the evidence, and asserting that the district court erred in sentencing him. We reject each of Speight's claims.
 
 
 3
 The Government presented overwhelming evidence showing that Speight was intimately involved in the cocaine conspiracy in the Virginia Beach area during 1991 and 1992. At least ten witnesses testified about Speight's involvement in the conspiracy. The testimony revealed that Speight used his apartment to "cook" the cocaine into cocaine base before distribution, was one of the key distributors of the cocaine operation, often carried a loaded firearm, and was often present with various members of the conspiracy when crack cocaine was being delivered.
 
 
 4
 Speight first argues on appeal that the Government offended his Fifth Amendment rights when, during closing argument to the jury, the prosecutor improperly commented on all of the Defendants' failure to testify. Specifically, Speight contends that the prosecutor improperly referred to the evidence presented at trial as "unrebutted" or "uncontroverted," thereby implicitly commenting on the Defendants' failure to take the stand. However, this argument is without merit as to Speight, because he took the stand at trial. A defendant in a criminal case who voluntarily testifies in his own behalf waives completely his privilege against self-incrimination under the Fifth Amendment. Brown v. United States, 356 U.S. 148, 154-56 (1958); United States v. Black, 767 F.2d 1334, 1341 (9th Cir.), cert. denied, 474 U.S. 1022 (1985). Accordingly, the district court did not err in denying Speight's motion for a new trial.
 
 
 5
 Speight next asserts that the Government presented insufficient evidence to support his conviction on the conspiracy charge. Speight asserts that the Government presented insufficient evidence that the members of the conspiracy knew each other, knew the objectives of the conspiracy, or that they cooperated in achieving those objectives.
 
 
 6
 In reviewing a conviction based on a challenge to the sufficiency of the evidence, an appellate court views all of the evidence in the light most favorable to the government and determines whether, based upon such evidence, any rational trier of fact could have found the appellant guilty beyond a reasonable doubt. United States v. Mills, 995 F.2d 480, 483 (4th Cir.), cert. denied, 62 U.S.L.W. 3252 (U.S.1993).
 
 
 7
 A number of the coconspirators testified for the Government, and the evidence is sufficient to establish that Speight became an active member of the conspiracy during 1991.* Speight first obtained a false identification card for a woman to use in renting motel rooms and purchasing airline tickets to transport the cocaine from New York to Virginia. Speight then became a dealer for several people, including two of the witnesses at trial. Speight soon became one of the conspiracy's key distributors and used his apartment as a distribution center.
 
 
 8
 Numerous witnesses testified that Speight often carried a firearm. Accordingly, we find ample evidence to support Speight's conviction on the conspiracy charge.
 
 
 9
 Finally, Speight raises numerous alleged errors from sentencing. Speight first asserts that the district court improperly applied a twolevel enhancement to his base offense level pursuant to U.S.S.G. Sec. 2D1.1(b) (Nov.1993) for use of a firearm. However, the Government offered ample evidence that Speight possessed an AK-47 and was aware that two other defendants carried guns. Moreover, "it is fairly inferable that a defendant's possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." United States v. Bianco, 922 F.2d 910, 912 (1st Cir.1991). Therefore, the district court's finding on this issue was not clearly erroneous, and should not be disturbed. United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992).
 
 
 10
 Speight next urges that the district court erred in failing to grant him a two-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1 (Nov.1993), and also erred in assessing him a twolevel enhancement for obstruction of justice under U.S.S.G. Sec. 3C1.1 (Nov.1993).
 
 
 11
 To qualify for the reduction for acceptance of responsibility, a defendant must make a voluntary and truthful admission of the related conduct, a complete explanation of all circumstances surrounding the offense, and a genuine acceptance of responsibility. United States v. Taylor, 937 F.2d 676 (D.C.Cir.1991). Rarely is a defendant who proceeds to trial entitled to a reduction for acceptance of responsibility. See Application Note 2.
 
 
 12
 Here, Speight proceeded to trial and presented a defense based upon factual innocence. Speight denied the testimony of ten witnesses and denied all guilt. Speight again denied everything at his sentencing hearing. Speight's denial of guilt and self-serving admissions at trial and sentencing do not constitute acceptance of responsibility. Therefore, the district court did not err in denying him a reduction for acceptance of responsibility.
 
 
 13
 On the other hand, the district court properly imposed an obstruction of justice enhancement pursuant to U.S.S.G. Sec. 3C1.1. Willful presentation of false testimony constitutes obstruction of justice. United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S.1993). Speight enjoyed no constitutional right to commit perjury. He repeatedly denied his involvement in the offenses and contradicted the testimony of ten witnesses. Accordingly, the district court's conclusion that he committed perjury was not clearly erroneous; therefore, the two-level enhancement for obstruction of justice was proper.
 
 
 14
 Finally, Speight contends that the district court erred in denying him a downward adjustment for his role in the offense. Speight urges that he was entitled to a two-level reduction under U.S.S.G. Sec. 3B1.2 because he was a minor participant in the criminal activity. Speight asserts that he was a crack user who bought drugs for personal use from people unrelated to the conspiracy.
 
 
 15
 A defendant must prove by a preponderance of the evidence that his actions merit a mitigating adjustment for his role in the offense. Speight did not present such proof. He was held responsible for at least 2.71 kilograms of crack. Thus, the district court's denial of a downward adjustment for his role in the offenses was not clearly erroneous. See United States v. Gordon, 895 F.2d 932, 934-35 (4th Cir.), cert. denied, 498 U.S. 846 (1990).
 
 
 16
 Because we find no reversible error, we affirm Speight's conviction and sentence. We dispense with oral argument in view of our prior order directing that this appeal proceed on the briefs.
 
 AFFIRMED
 
 
 *
 While Speight challenges the credibility of the Government's witnesses, it was the province of the jury to believe them. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983), cert. denied, 465 U.S. 1028 (1984)