**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1278

UNITED STATES,

Appellee,

v.

LUIS OLIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

Ralph J. Perrotta on brief for appellant.
Robert Clark Corrente, United States Attorney, Donald C. Lockhart and Zechariah Chafee, Assistant United States Attorneys, on brief for appellee.

August 4, 2005

**Per Curiam**.  After his arrest along with a co-defendant in a guns-for-drugs sting operation, appellant Luis Olivera pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 924(g)(1) and (2).  On appeal, Olivera seeks to vacate his sentence and requests remand for resentencing with new counsel.

In his opening brief, Olivera argues that his sentence was invalid under Blakely v. Washington, 542 U.S. 296 (2004), because the facts that supported the increase in his sentence under U.S.S.G. § 2K2.1(b)(5) had not been submitted to a jury and proved beyond a reasonable doubt.  While his appeal was pending, the United States Supreme Court decided United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005).  Olivera declined our invitation to provide supplemental briefing in light of Booker.  Olivera has not, therefore, sought resentencing under advisory guidelines.  We are left to consider his cursory argument that the district court engaged in impermissible judicial fact-finding, but, as we made clear in United States v. Antonakopolous, 399 F.3d 68 (1st Cir. 2005), "the Sixth Amendment is not violated simply because a judge finds sentencing facts under the guidelines; rather, the error is only that the judge did so pursuant to a mandatory guidelines system."  United States v. Martins, 2005 WL 1502939, *9 (1st Cir. Jun. 27, 2005).  Therefore, we proceed directly to Olivera's other arguments.  We review *de novo* the district court's interpretation

-2-

of the guidelines and find no error. United States v. Whooten, 279 F.3d 58, 60 (1st Cir.), cert. denied, 536 U.S. 913 (2002).

Olivera's argument that a guns-for-drugs trade does not constitute a "use" of a firearm was rejected by the United States Supreme Court in Smith v. United States, 508 U.S. 223 (1993) (construing 18 U.S.C. § 924(c)(1)). Similarly, Olivera's argument that there was no "connection" between the firearms and the cocaine and that he never "possessed" the firearms[*] traded during the sting operation, fights the tide of our decisions construing § 2K2.1(b)(5) and analogous guidelines. E.g., United States v. Peterson, 223 F.3d 101, 111 (1st Cir. 2000)("in connection with" in § 2K2.1(b)(5) to be construed broadly and requires only "causal or logical sequence between possession and the related offense," quoting United States v. Ellis, 168 F.3d 558, 563 (1st Cir. 1999), and citing United States v. Thompson, 32 F.3d 1, 7-8 (1st Cir. 1994) (construing phrase "in connection with" in § 2K2.1(c)(2), we held that "[t]he guideline does not require that the defendant use the firearm himself, or use the firearm in any particular way ... The combination of firearms and drugs is common, and the guideline encompasses the many logical links which exist between the use of firearms and drugs.")).

---

[*]Olivera argues for the first time on appeal that he intended to accept just two, not four guns in the trade that led to his arrest. Whatever his intent, Olivera does not dispute that his co-defendant in fact traded the cocaine for the four guns offered by the informant.

"Possession" requires only that "a certain nexus between the weapon and the offense must be shown ... [but] any possession – actual or constructive – can trigger the two-level increase." United States v. McDonald, 121 F.3d 7, 10 (1st Cir. 1997) (construing § 2D1.1(b)(1)). See also United States v. Peterson, 233 F.3d 101, 111 (1st Cir. 2000) ("firearm has been used 'in connection with' an offense 'if the possession has "the potential to aid or facilitate" the other crime,'" quoting United States v. Thompson, 32 F.3d 1, 6 (1st Cir. 1994), and United States v. Ellis, 168 F.3d 558, 563 (1st Cir. 1999)).

On the present record and based on the facts admitted by Olivera, the district court was correct in attributing to Olivera both the cocaine and the firearms possessed by his co-defendant in this guns-for-drugs deal. United States v. Bianco, 922 F.2d 910, 913-14 (1st Cir. 1991) (reasonably foreseeable that co-defendant would possess firearm); United States v. Aquilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990) (same).

Finally, Olivera claims ineffective assistance of counsel at his sentencing hearing in not vigorously challenging the number of firearms. As a general rule, we decline to consider ineffective assistance claims on direct appellate review. United States v. Martinez-Vargas, 321 F.3d 245, 251 (1st Cir. 2003). See also Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Mala, 7 F.3d 1058, 1062-63 (1st Cir. 1993) ("We have held with

-4-

a regularity bordering on the monotonous that fact-specific claims of ineffective assistance of counsel cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court.") (collecting cases). We discern no basis in this appeal for making an exception to this long-standing rule.

The judgment of the district court is <u>affirmed</u>, without prejudice to Olivera's right to raise his ineffective assistance of counsel claim in a motion pursuant to 28 U.S.C. § 2255.