**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-5152**

─────────────

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

    v.

BRUCE JOHNSON,

    Defendant – Appellant.

─────────────

**No. 08-5194**

─────────────

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

    v.

CHARLES JONES,

    Defendant – Appellant.

─────────────

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:08-cr-00240-LO-2; 1:08-cr-00240-LO-3)

─────────────

Submitted: January 4, 2010          Decided: January 28, 2010

─────────────

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

―――――――――

Christopher B. Amolsch, LAW OFFICE OF CHRISTOPHER AMOLSCH, Alexandria, Virginia; Mark H. Bodner, Fairfax, Virginia, for Appellants. Dana J. Boente, United States Attorney, Lawrence J. Leiser, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Bruce Johnson and Charles Jones of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Johnson to 135 months' imprisonment and Jones to 188 months' imprisonment. On appeal, Johnson argues that the district court's limitation on his cross-examination of the Government's cooperating witness violated his Sixth Amendment right to confront witnesses against him. Jones appeals his sentence, arguing the district court's application of a two-level enhancement for possession of a firearm was erroneous and that his sentence is unreasonable. The two appeals have been consolidated. Finding no error, we affirm.

Johnson's sole claim is that the district court erred in limiting his cross-examination of the Government's cooperating witness, Jubal Culver, about potential sources of bias. A district court's limitation on a defendant's cross-examination of a Government witness is reviewed for abuse of discretion. United States v. Smith, 451 F.3d 209, 220 (4th Cir. 2006). An improper denial of an opportunity to cross-examine a witness is subject to harmless error review. United States v. Turner, 198 F.3d 425, 430-31 (4th Cir. 1999). While the Confrontation Clause protects a defendant's right to

3

cross-examine a witness regarding potential bias, this right to cross-examination is not unlimited. Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986). Rather, trial judges "retain wide latitude . . . to impose reasonable limits" on cross-examination based on concerns such as harassment, prejudice, confusion of the issues, and relevance. Id. at 679. A district court does not abuse its discretion by prohibiting a defendant from asking a cooperating witness about the specific sentence the witness faced absent cooperation or the specific sentence the witness hoped for due to any cooperation. United States v. Cropp, 127 F.3d 354, 358-59 (4th Cir. 1997). The relevant question is whether the defendant is permitted to question a witness' "subjective understanding of his bargain with the government[,] for it is this understanding which is of probative value on the issue of bias." United States v. Ambers, 85 F.3d 173, 176 (4th Cir. 1996) (quoting Hoover v. Maryland, 714 F.2d 301, 305, 306 (4th Cir. 1983) (internal quotation marks omitted)).

We have reviewed the transcript and find the district court did not abuse its discretion in limiting Johnson's cross-examination of Culver. Johnson was given an opportunity to extensively cross-examine the witness on the terms and potential benefits of his plea agreement. We find the district court permissibly restricted questioning of Culver as to the actual sentence an additional gun charge would have carried. Finally,

4

even if this court were to assume that the district court's limitation on Johnson's cross-examination of the witness was an abuse of discretion, we find any error by the district court was harmless in light of the evidence presented at trial. Accordingly, Johnson's claim is without merit.

Jones raises two claims on appeal. First, Jones claims the district court erred in enhancing his base offense level two levels pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2007) ("USSG") based on the firearms possessed by his co-conspirators. According to Jones, the Government did not adduce a scintilla of evidence to show that he had advance knowledge, or should have known, that guns would be carried or used by his co-conspirators.

Whether the district court properly applied the two-level USSG § 2D1.1(b)(1) enhancement is a factual question reviewed for clear error. See United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). Under a clear error standard of review, this court will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

According to USSG § 2D1.1(b)(1), a district court is to increase a defendant's base offense level two levels "[i]f a dangerous weapon (including a firearm) was possessed." USSG

5

§ 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), cmt. n.3. The enhancement is appropriate when "'the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction.'" McAllister, 272 F.3d at 233-34 (quoting United States v. Ortega, 94 F.3d 764, 767 (2d Cir. 1996)).

It is well established that a conspirator is liable for all reasonably foreseeable acts of a co-conspirator done in furtherance of the conspiracy. Pinkerton v. United States, 328 U.S. 640, 646-47 (1946); United States v. Cummings, 937 F.2d 941, 944 (4th Cir. 1991). As this court has noted, "[a]bsent evidence of exceptional circumstances, . . . it [is] fairly inferable that a codefendant's possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994) (quoting United States v. Bianco, 922 F.2d 910, 912 (1st Cir. 1991)).

We have reviewed the material submitted by the parties and find that it was reasonably foreseeable to Jones that his co-conspirators would be in possession of dangerous weapons. See United States v. Lomax, 293 F.3d 701, 706 (4th Cir. 2002).

6

Moreover, Jones reasonably should have known that his co-conspirators were in possession of dangerous weapons as he came to the drug deal armed with a stun gun. Accordingly, the district court did not clearly err in applying the USSG § 2D1.1(b)(1) enhancement. See USSG § 1B1.3(a)(1)(B).

Finally, Jones contends his sentence is unreasonable. This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, the appellate court must first ensure that the district court committed no procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id.

When rendering a sentence, the district court must make an individualized assessment based on the facts presented and state in open court the particular reasons that support its chosen sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). This requires the district court to set forth enough to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties'

arguments. Id. The district court, however, is not required to "robotically tick through" every subsection of § 3553(a). See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). When reviewing a sentence on appeal, we presume a sentence within the properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Jones claims that his sentence is unreasonable because of the disparity between his sentence and that of Culver. Culver, however, unlike Jones, pled guilty and cooperated with the Government. See United States v. Abu Ali, 528 F.3d 210, 263-64 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). Additionally, Jones maintains the district court failed to adequately explain its consideration of the 18 U.S.C. § 3553(a) (2006) factors in fashioning his sentence. The district court provided a sufficiently detailed explanation for Jones' sentence and was not required to exalt form over substance by robotically ticking through each § 3553(a) factor. Johnson, 445 F.3d at 345. The district court determined that a sentence at the low end of Jones' properly calculated Guidelines range was appropriate and Jones does not overcome the presumption of reasonableness accorded his within-Guidelines sentence.

Accordingly, we deny Jones' motion to file a pro se supplemental brief and affirm the judgments of the district court. We dispense with oral argument as the facts and legal

8

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED