# United States Court of Appeals
## For the First Circuit

No. 13-2379

UNITED STATES OF AMERICA,

Appellee,

v.

JUSTO L. BURGOS-FIGUEROA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Thompson, Selya and Kayatta,
Circuit Judges.

Anita Hill Adames on brief for appellant.
    Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, on brief for appellee.

February 13, 2015

**SELYA, Circuit Judge.** This is a single-issue sentencing appeal. In it, defendant-appellant Justo L. Burgos-Figueroa assigns error to the district court's imposition of a two-level sentencing enhancement reflecting the possession of a dangerous weapon during a drug-trafficking conspiracy. See USSG §2D1.1(b)(1).

It is common ground that a sentencing enhancement must be supported by a preponderance of the evidence. See United States v. McDonald, 121 F.3d 7, 9 (1st Cir. 1997). The facts undergirding an enhancement need not be established by direct evidence but, rather, may be inferred from circumstantial evidence. See United States v. Cruz, 120 F.3d 1, 4 (1st Cir. 1997) (en banc). This is such a case and, after careful consideration, we uphold the disputed enhancement.

A synopsis affords the necessary perspective. On October 26, 2012, a federal grand jury sitting in the District of Puerto Rico returned a four-count indictment against the appellant. The parties later entered into a written plea agreement (the Agreement). Pursuant to the Agreement, the appellant pleaded guilty to count 1 of the indictment (which charged him with conspiring to distribute substantial quantities of cocaine, heroin, and marijuana, see 21 U.S.C. §§ 841(a)(1), 846), and the government agreed to dismiss the remaining counts. In the Agreement, the parties stipulated to a series of guidelines calculations. These

-2-

stipulations envisioned only two adjustments to the appellant's offense level: a two-level enhancement for the appellant's role as a leader or manager of the conspiracy, see USSG §3B1.1(c), and a three-level reduction for acceptance of responsibility, see id. §3E1.1(b).

Following customary practice, the probation office prepared a presentence investigation report (PSI Report). The Report disclosed that the appellant, along with at least thirty-two confederates, had participated in a sprawling conspiracy to distribute an array of drugs from various drug points in the Pastillo Ward in Juana Diaz, Puerto Rico. The conspiracy was organized along hierarchical lines, allocating varying degrees of authority among leaders, drug point owners, enforcers, sellers, runners, and facilitators. As a drug point owner, the appellant supervised other members of the conspiracy and supplied controlled substances to coconspirators for distribution and sale. Of particular pertinence for present purposes, the PSI Report made pellucid that the conspiracy involved the use of firearms as a means of protecting the enterprise and its wares against rival organizations and gangs. The appellant did not object either to this factual recital or to any other factual recital explicated in the PSI Report.

Based on the facts developed in the PSI Report, the probation office recommended, inter alia, a two-level enhancement

for possessing firearms during the conspiracy. See id. §2D1.1(b)(1). At the disposition hearing, the appellant opposed this recommendation, and the government took no position concerning it. The appellant argued that the weapons enhancement did not apply because the record contained no direct evidence that either he or any person working under his immediate supervision possessed any firearms. The district court rejected this argument. The court found that, as the owner of a drug point and a leader of the conspiracy, the appellant reasonably could have foreseen that his coconspirators and subordinates would possess guns. The court proceeded to impose the enhancement, which had the effect of elevating the appellant's guideline sentencing range to 135-168 months. After considering the appellant's personal characteristics and the nature and circumstances of the offense of conviction, the court sentenced the appellant to serve a 168-month term of immurement. This timely appeal ensued.

In this venue, the appellant strives to convince us that it was error for the district court to impose the weapons enhancement simply because others carried firearms during the conspiracy. We are not persuaded.

The sentencing guidelines authorize a two-level increase in a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed" during the course of a drug-trafficking conspiracy. Id. For this enhancement to attach, a defendant need

-4-

not be caught red-handed: the enhancement applies not only where a defendant himself possessed a firearm but also where it was reasonably foreseeable to the defendant that firearms would be possessed by others during the conspiracy. See id. §1B1.3(a)(1)(B); United States v. Bianco, 922 F.2d 910, 912 (1st Cir. 1991).

In this instance, the sentencing court found that the appellant reasonably could have foreseen that his coconspirators and subordinates would possess firearms to protect the drug-trafficking enterprise. We review that factual finding for clear error, see United States v. Quiñones-Medina, 553 F.3d 19, 23 (1st Cir. 2009), mindful that when the record plausibly supports competing inferences, a sentencing court's choice among them cannot be clearly erroneous, see United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990). We discern no clear error here.

A sentencing court may consider facts set forth in unchallenged portions of the PSI Report as reliable evidence. See United States v. Olivero, 552 F.3d 34, 39 (1st Cir. 2009); Cruz, 120 F.3d at 2. Here, that constellation of facts made plain that members of the conspiracy regularly carried firearms for the purpose of protecting drug points (including the appellant's drug point). What is more, turf wars raged; and members of the conspiracy participated from time to time in shoot-outs with rival gangs.

-5-

Given this scenario, the district court could plausibly infer — as it did — that the appellant, who was a drug point owner and a leader of the conspiracy whose duties included the supervision of others, knew of these practices and incidents and could foresee their continuation. See United States v. Vázquez-Rivera, 470 F.3d 443, 447 (1st Cir. 2006) (finding possession of firearms reasonably foreseeable where defendant was manager of drug point and intimately involved in its operations). Indeed, with firefights erupting as his organization waged war with rival gangs, it beggars credulity to suggest that the appellant was blissfully unaware that his coconspirators and subordinates carried firearms.

This inference is bolstered by the fact that the conspiracy dealt in large amounts of heroin, cocaine, and marijuana. When large quantities of drugs are involved, firearms are common tools of the trade. See Quiñones-Medina, 553 F.3d at 24; Bianco, 922 F.2d at 912. This circumstance lends credence to the inference that the appellant reasonably could have foreseen the use of firearms in the operation of the conspiracy. See United States v. Sostre, 967 F.2d 728, 731-32 (1st Cir. 1992); Bianco, 922 F.2d at 912.

In an effort to blunt the force of this reasoning, the appellant complains that the district court mentioned three coconspirators who possessed firearms without making any finding that the appellant had any specific connection to those

-6-

individuals.  This complaint is unfounded.  Reading the court's statements in context, we think it clear that the court was simply making an observation about the appellant's role in the conspiracy as compared to the roles of other coconspirators.  And in all events, the court was not required to find that the appellant knew that any particular coconspirator possessed a firearm at any given time.  See, e.g., Vázquez-Rivera, 470 F.3d at 447.

The appellant also suggests that the district court's determination is somehow undermined by the fact that he was not charged in the weapons count, see 18 U.S.C. § 924(c)(1)(A), (o), while other conspirators were so charged.  But this is a non-issue: whether or not the appellant himself was charged with a firearms violation is beside the point.  What counts is that the court below supportably determined that the use of weapons during the conspiracy was reasonably foreseeable to the appellant.  See United States v. Watts, 519 U.S. 148, 154 (1997) (per curiam) (recognizing that uncharged conduct can serve as the basis for a sentencing enhancement); United States v. Smith, 267 F.3d 1154, 1165 (D.C. Cir. 2001) (same).

We need go no further.  Although the record contains no evidence that the appellant himself ever carried a firearm, that kind of proof is not essential for a weapons enhancement under USSG §2D1.1(b)(1).  The enhancement may be based on a finding that the appellant reasonably could have foreseen firearms possession by

others during the conspiracy.  Such a finding may be premised on circumstantial evidence, <u>see</u> <u>United States</u> v. <u>Paneto</u>, 661 F.3d 709, 716 (1st Cir. 2011), and the circumstantial evidence here is more than sufficient to warrant application of the enhancement.

**<u>Affirmed</u>**.